WEAKLEY v CITY OF DEARBORN HEIGHTS (ON REMAND)

Docket No. 212008. Submitted January 18, 2000, at Detroit. Decided June 8, 2001, at 9:00 A.M.

Terrence M. Weakley brought an action in the Wayne Circuit Court against the city of Dearborn Heights and Darron and Rosemary Duncan after sustaining injury on a sidewalk maintained by the city and located near the Duncans' residence. A section of the concrete sidewalk had been removed by the city for repair, and the plaintiff had tripped and fallen in the area of the missing section. The city had not erected a barricade or a device warning of the missing section. In his action, the plaintiff alleged negligence by the Duncans and the city and also alleged a breach by the city of its duty under MCL 691.1402(1) to keep highways under its jurisdiction, defined in MCL 691.1401(e) to include sidewalks, in reasonable repair. The court, Dalton A. Roberson, J., granted summary disposition for the defendants, ruling that they cannot be held liable because the missing section of sidewalk was an open and obvious danger. The Court of Appeals, BANDSTRA, C.J., and HOLBROOK, JR., and FITZGERALD, JJ., affirmed the grant of summary disposition with respect to the negligence claims, but reversed with respect to the claim of breach by the city of its statutory duty to keep the sidewalk in reasonable repair. Relying on *Pick v Szymczak*, 451 Mich 607 (1996), the Court of Appeals held that a municipality's statutory duty to repair and maintain a sidewalk includes the duty to provide barriers or warning signs at, or in regard to, points of hazard or special danger, and that the question whether the sidewalk in this case was not reasonably safe as to constitute a point of hazard is an unresolved question that must be determined by the trier of fact. 240 Mich App 382 (2000). The city sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143 (2000).

On remand, the Court of Appeals *held*:

*Nawrocki* overruled *Pick* to the extent that *Pick* held that MCL 691.1402(1) imposes on a governmental agency having jurisdiction over a highway a duty to install, maintain, repair, or improve traffic control devices, including traffic signs. The Supreme Court in

*Nawrocki* also stated that the duty to maintain a highway in reasonable repair is limited to the improved portion of the highway designed for vehicular travel. Under such a narrow construction of MCL 691.1402(1), defendant city in this case did not have a duty to make the sidewalk reasonably safe by placing a barrier or warning device around the portion of the sidewalk that was under repair. The grant of summary disposition of the claim for breach by the city of its statutory duty was appropriate.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION. '

The duty of a governmental agency having jurisdiction over a highway to maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel, a breach of which duty can leave the agency liable for damages for personal injury or property damage, extends only to the improved portion of the highway designed for vehicular travel; the highway exception to governmental immunity does not contemplate conditions arising from points of hazard, areas of special danger, or integral parts of the highway outside the actual roadbed designed for vehicular travel (MCL 691.1402[1]).

*Thomas A. Herzog*, for the plaintiff.

*Kitch Drutchas Wagner DeNardis & Valitutti* (by *Susan Healy Zitterman* and *Michael J. Watza*), for the defendant.

ON REMAND

Before: BANDSTRA, C.J., and HOLBROOK, JR., and FITZGERALD, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court for reconsideration of our previous decision, in which we affirmed the grant of summary disposition in favor of defendants with respect to plaintiff's negligence claims, but reversed the grant of summary disposition of the claim of breach by the city of its statutory duty to keep sidewalks in reasonable repair. 463 Mich 979 (2001). On reconsideration,

we affirm the trial court's order of summary disposition of all of plaintiff's claims.

The facts of this case, as stated in our earlier opinion in *Weakley v Dearborn Heights*, 240 Mich App 382, 383-384; 612 NW2d 428 (2000), are as follows:

> Plaintiff tripped and fell on a removed portion of a public sidewalk maintained by defendant city of Dearborn Heights and adjacent to property owned by defendants Darron and Rosemary Duncan. The city had removed the entire section of the sidewalk for the purpose of repair, but did not erect a blockade or other warning device to alert pedestrians to the missing sidewalk. At the time of the fall, plaintiff, who was visiting his girlfriend at the residence next door to the Duncan residence, was chasing his girlfriend's dog. According to plaintiff, the sun was shining, but some leaves had fallen into the eight-inch deep hole created by the missing section of sidewalk. As a result of the fall, plaintiff injured his left knee and back. Plaintiff filed a common-law negligence action against the Duncans and the city. Plaintiff also alleged that the city breached its statutory duty to keep the sidewalk in good repair so as to be reasonably safe for public travel. The trial court granted summary disposition in favor of the Duncans and the city on the ground that the danger was "open and obvious."

This Court affirmed the grant of summary disposition with respect to the negligence claims, but reversed the grant of summary disposition of the claim of breach by the city of its statutory duty to keep the sidewalk in reasonable repair. Citing *Pick v Szymczak*, 451 Mich 607, 624; 548 NW2d 603 (1996), we noted that, in the context of vehicular traffic, the duty of maintenance under MCL 691.1402(1) includes the duty to erect adequate warning signs or traffic control devices at a point of hazard or special danger. Finding no reason to construe § 2 differently with

respect to a municipality's duty to repair and maintain a sidewalk, we concluded that a municipality has a duty to provide barriers or warnings signs at, or in regard to, points of hazard affecting a sidewalk. We stated:

> Our Supreme Court has defined a "point of hazard" as a condition that directly affects travel along the improved portion of the roadway (including a sidewalk, MCL 691.1401[e]; MSA 3.996[101][e]) so that it is "not reasonably safe." *Pick, supra* at 623. Defendant city has argued that the sidewalk here was reasonably safe, notwithstanding the missing sidewalk section, because any reasonably observant pedestrian could have stepped down into and up out of the area from which it was removed in a manner similar to traversing steps. The question whether the sidewalk was "reasonably safe" is a factual determination that must be made before imposing a duty on defendant city to "provide traffic control devices or warning signs." *Id.* at 624. [*Weakley, supra* at 387-388.]

The Supreme Court, in lieu of granting defendant city's application for leave to appeal, remanded the case to us for reconsideration in light of *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000), which overruled *Pick, supra*. The Court directed that we "shall determine the scope of defendant's duty to maintain the sidewalk in reasonable repair under the provisions of the governmental immunity act applicable to municipalities."

Generally, all governmental agencies are immune from tort liability for actions taken in furtherance of a governmental function. MCL 691.1407; *Collins v Ferndale*, 234 Mich App 625, 628; 599 NW2d 757 (1999). The term "governmental agency" is defined to include municipal corporations such as defendant city. *Cox v Dearborn Heights*, 210 Mich App 389, 392; 534 NW2d

135 (1995). The immunity conferred on governmental agencies is broad. *Robinson v Detroit*, 462 Mich 439, 455; 613 NW2d 307 (2000).

However, there are several narrowly drawn exceptions to governmental immunity, including the highway exception set forth in MCL 691.1402(1), which at the time pertinent to this case read in pertinent part:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person sustaining bodily injury or damage to his or her property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency.

No action may be maintained under the highway exception unless it is clearly within the scope and meaning of the statute. *Scheurman v Dep't of Transportation*, 434 Mich 619, 630; 456 NW2d 66 (1990). Because the city of Dearborn Heights is a municipality, its duty with regard to a highway extends to the sidewalk. MCL 691.1401(e);[1] *Ali v Detroit*, 218 Mich App 581, 588; 554 NW2d 384 (1996) Thus, defendant has a statutory obligation to keep a sidewalk in "reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1). With regard to this quoted language, our Supreme Court has stated:

---

[1] A "highway" is defined as "a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway. The term highway does not include alleys, trees, and utility poles." MCL 691.1401(e).

> The plain language of this phrase thus states the desired outcome of reasonably repairing and maintaining the highway; it does not establish a second duty to keep the highway "reasonably safe." [*Nawrocki, supra* at 160.]

The Court explained:

> The plain language of the second sentence [of MCL 691.1402(1)] merely establishes the liability for breach of the duty created by the first sentence, that being the duty "*to maintain the highway in reasonable repair* so that it is reasonably safe and convenient for public travel." Subsection 2(1) (emphasis added). The statutory clause creates only *one* exception to governmental tort immunity, that being the breach of the duty to repair and maintain the public highway. [*Id.* at 160, n 18.]

Plaintiff argues that the duty to maintain and repair a sidewalk includes the duty to place warning signs or barriers at points of special hazard so as to make the sidewalk "reasonably safe." However, as noted above, our Supreme Court has held that the duty to repair and maintain does not include a separate duty to keep a highway "reasonably safe."[2]

Further, in our previous opinion, we stated:

> In the context of vehicular travel, the duty of maintenance under § 2 includes the duty to erect adequate warning signs or traffic control devices at a point of hazard or special danger. *Pick v Szymczak*, 451 Mich 607, 624; 548 NW2d 603 (1996). We can discern no reason to construe § 2 differently with respect to a municipality's duty to repair and maintain a sidewalk. Thus, we conclude that a municipality has a duty to provide barriers or warning signs at, or in regard to, points of hazard affecting a sidewalk. [*Weakley, supra* at 387.]

---

[2] There is no dispute that the city had removed the section of sidewalk for the purpose of repair.

After our opinion was released, the Supreme Court overruled *Pick, supra,* to the extent that it held that it interpreted the highway exception to impose "upon state and county road commissions a duty under the highway exception to install, maintain, repair, or improve traffic control devices, including traffic signs." *Nawrocki, supra* at 180. The Court also stated that the duty of state and county road commissions is limited only to the improved portion of the highway designed for vehicular travel and "[n]owhere in this language, or anywhere else in the statutory clause, do phrases such as 'known points of hazard,' 'points of special danger,' 'integral parts of the highway,' or 'traffic sign maintenance' appear." *Id.* at 176.

Reading the exception narrowly as we are required to do, *Robinson, supra,* and in consideration of *Nawrocki, supra,* we hold that defendant did not have a duty to make the sidewalk reasonably safe by placing a barrier or warning device around the portion of the sidewalk that was under repair. Consequently, we conclude that summary disposition of plaintiff's claim of breach of statutory duty was appropriate under MCR 2.116(C)(7).[3]

Affirmed.

---

[3] In all other respects we adhere to our previous opinion.