RIDLEY v CITY OF DETROIT (ON REMAND)

Docket No. 194350. Submitted January 9, 2001, at Lansing. Decided July 17, 2001, at 9:05 A.M. Leave to appeal sought.

Andrew J. Ridley, as personal representative of the estate of Jeffrey Ridley, deceased, brought an action in the Wayne Circuit Court against the city of Detroit and Guyanne C. Collins, seeking damages as a result of the death of Jeffrey Ridley. Defendant Collins' automobile had struck Jeffrey Ridley as he was attempting to stand in a traffic lane of Jefferson Avenue in Detroit after having been attacked by a group of men in the middle of the night. Liability on the part of the city was predicated on the allegation that Jefferson Avenue had not been maintained in reasonable repair because, among other things, the streetlights were not functioning on the night that the decedent was killed and had not been functioning for some time. The court, Cynthia D. Stephens, J., denied the city's motion for summary disposition based on governmental immunity insofar as it related to the plaintiff's claim that the decedent's being struck by Collins' automobile was proximately caused by the city's failure to maintain the street in reasonable repair, finding that the claim, if proved, fell within the highway exception to statutory governmental immunity. Following a bench trial, the court, Daniel J. Van Antwerp, J., found that the decedent died as a result of being struck by Collins' automobile, that the city was negligent in failing to maintain the street in good repair by reason of the failure to maintain the street lighting, and that the failure to provide street lighting was a proximate cause of the decedent's death. The court again determined that the defense of governmental immunity was not available to the city and returned a finding of damages in favor of the plaintiff. The city appealed. The Court of Appeals affirmed, finding that the city's duty of care to maintain the streets under its jurisdiction in reasonable repair was not limited to maintaining the improved portion of the highway designed for vehicular travel. 231 Mich App 381 (1998). The Court also found that the Legislature did not intend that municipally owned streetlights would be included within the term "utility poles" for purposes of MCL 691.1401(e), which specifically excludes utility poles from its definition of "highway." The Court also found that the city's failure to provide adequate lighting was an unreasonably unsafe condition for which the

city could be held liable pursuant to the highway exception to the general statutory grant of governmental immunity. SAWYER, P.J., dissenting, stated that the matter should be reversed on the basis that the city is immune because a streetlight is a utility pole and therefore specifically excluded from the definition of a highway. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of *Evens v Shiawassee Co Rd Comm'rs*, 463 Mich 143 (2000). 463 Mich 932 (2000).

On remand, the Court of Appeals *held*:

1. The holding in *Evens*, that the highway exception to governmental immunity, MCL 691.1402, establishes a general duty on all governmental agencies to maintain the highways under their jurisdiction in reasonable repair and that the last clause in MCL 691.1402(1) limiting liability only to the improved portion of the highway designated for vehicular travel applies specifically to the state and county road commissions, does not alter the essential holding of the previous opinion in this case. The prior conclusion that the city's liability is not limited to maintaining the improved portion of the highway designed for vehicular travel must be affirmed.

2. The *Evens* opinion does not alter the prior holding in this case that a streetlight is not a utility pole and is not excluded by definition from the highway exception to governmental immunity. That holding must be affirmed.

3. The holding in *Evens* that highways must be maintained "in reasonable repair" requires a reexamination of the focus of the prior opinion on whether the lack of illumination was "unreasonably unsafe." The prior opinion reached the correct result because the city did not maintain the streetlights in reasonable repair.

Affirmed.

SAWYER, P.J., concurring in part and dissenting in part, stated that *Evens* does not affect this case because *Evens* dealt with state and county liability whereas this case involves a municipality, but that the trial court's judgment should be reversed on the basis that the city is immune from liability because a streetlight is a utility pole and, as such, is specifically excluded from the definition of a highway.

GOVERNMENTAL IMMUNITY — HIGHWAYS — STANDARD OF CARE.

The language of MCL 691.1402(1) creates a general duty on the part of governmental agencies to maintain highways in their jurisdiction in reasonable repair.

*Mosabi Hamed,* for the plaintiff.

*Phyllis A. James,* Corporation Counsel, and *Joanne D. Stafford,* Supervising Assistant Corporation Counsel, for the city of Detroit.

Amicus Curiae:

*Frank K. Penirian, Jr.*

ON REMAND

Before: SAWYER, P.J., and MURPHY and DOCTOROFF, JJ.

DOCTOROFF, J. This case is before us on remand[1] from the Supreme Court for reconsideration in light of *Evens v Shiawassee Co Rd Comm'rs,* 463 Mich 143; 615 NW2d 702 (2000). In our previous decision, we affirmed the trial court's entry of judgment for plaintiff, rejecting defendant's[2] argument that plaintiff's claim was barred by governmental immunity. *Ridley v Detroit,* 231 Mich App 381; 590 NW2d 69 (1998). After reviewing the *Evens* decision, we conclude that the Supreme Court's modification of the highway exception to governmental immunity does not apply to the facts of this case and we reaffirm our previous holding.

In our previous opinion, we briefly summarized the facts of this case as follows:

> On July 25, 1992, at approximately midnight, Jeffrey Ridley was attacked on Jefferson Avenue by a group of eight to

---

[1] *Ridley v Detroit,* 463 Mich 932 (2000).

[2] Defendant Guyanne C. Collins is not a party to this appeal. For purposes of this opinion, the term defendant will be used only to refer to the city of Detroit.

> ten men. After the beating, Jeffrey tried to stand, but was struck by an automobile driven by defendant Collins and knocked down. Jeffrey was struck again by another automobile a minute or two later. He died. Several witnesses at trial testified that the street lights along Jefferson Avenue were not functioning on the night Jeffrey was killed and had not been functioning for some time. The trial court found that defendant [city of Detroit] had been negligent in failing to provide street lighting and found liability and damages for plaintiff. [*Ridley, supra* at 383-384.]

Defendant argued that plaintiff's claim was barred by governmental immunity because its liability was limited to defects arising out of its failure to maintain the improved portion of the highway designated for vehicular traffic, citing MCL 691.1402(1). However, we found that the portion of the statute limiting liability to "the improved portion of the highway designed for vehicular travel" applied only to the state and county road commissions, and that, as a municipality, defendant's liability would not be limited by the final clause of MCL 691.1402(1). *Ridley, supra* at 385-386.

In its decision in *Evens*, our Supreme Court sought to clarify existing authority establishing the limits of the highway exception to governmental immunity. The Court began by carefully examining the language of MCL 691.1402 and concluded that the highway exception to governmental immunity establishes a general duty on all governmental agencies to maintain the highways under their jurisdiction in reasonable repair. *Evens, supra* at 160. The Supreme Court further concluded, consistent with our holding in *Ridley*, that the last clause of MCL 691.1402(1) limiting liability only to the improved portion of the highway designated for vehicular travel applies specifically to the state and county road commissions. *Evens, supra* at

161-162. Because the defendants in both *Evens* and its companion case, *Nawrocki v Macomb Co Rd Comm*, were county road commissions, the Supreme Court found that the last clause of the statute applied to limit the defendant's liability in both cases. *Id.* at 172, 184.

However, in this case, defendant is a municipality, not the state or a county road commission. Because the defendants in *Evens* and *Nawrocki* were county road commissions, the Supreme Court did not address what, if any, limitations to the highway exception to governmental immunity apply to units of government that are not the state or county road commissions. Hence, the Supreme Court's opinion in *Evens* did not alter the essential holding of our previous decision. In fact, the language of *Evens* implicitly affirms our holding that the final clause of MCL 691.1402(1) applies only to the state or county road commissions. Therefore, we reaffirm our conclusion that defendant's liability in this case is not limited to maintaining the improved portion of the highway designated for vehicular traffic.

We also held in our previous opinion that a streetlight is not a utility pole and is not excluded by definition from the highway exception to governmental immunity. *Ridley, supra* at 387. Whether a streetlight is included within the definition of a utility pole under MCL 691.1401(e)[3] and would thereby be excluded from the definition of a highway was not at issue in

---

[3] The version of MCL 691.1401(e) that was in effect in 1992 defined "highway" as "every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles."

either *Evens* or *Nawrocki* and was not addressed by the Supreme Court's opinion in those cases. Therefore, our previous holding remains unaltered.

However, one of the holdings of our previous decision does require new analysis in light of the *Evens* decision. Defendant argued that it should not be liable for the decedent's injuries because the lack of lighting on Jefferson Avenue was not an unreasonably unsafe condition. However, we reached the opposite conclusion, specifically finding that, under the facts of the case, the lack of lighting was unreasonably unsafe. *Ridley, supra* at 388.

As noted above, the Supreme Court in *Evens* construed the language of MCL 691.1402(1) as creating a general duty on the part of governmental agencies to maintain highways in their jurisdiction "in reasonable repair." *Evens, supra* at 160. In *Ridley*, we evaluated defendant's liability on the basis of whether the lack of illumination was "unreasonably unsafe." *Ridley, supra* at 387-388. Therefore, we must reevaluate this conclusion on the basis of the more specific standard announced in *Evens*.

Taking into account the revised standard, we nevertheless conclude that we reached the correct result in *Ridley*. Because we held that a streetlight is not excluded from the definition of a highway under MCL 691.1401(e), defendant was under a duty to maintain the streetlights on Jefferson Avenue in reasonable repair. *Evens, supra* at 160. As we stated in *Ridley*:

> The determination of reasonableness in the context of liability of a governmental agency to maintain highways "must necessarily be made by overview of the factors of a given case, such as the danger imposed by the defective article or lack of safety device or design, the increase in safety pro-

vided by the new device or design, the cost of repair or installation, and others." [*Ridley, supra* at 388, quoting *Hall v Dep't of State Hwys*, 109 Mich App 592, 605; 311 NW2d 813 (1981).]

We are persuaded that streetlights designated to illuminate a heavily traveled urban highway that, according to eyewitnesses, had not been functioning for at least two months before the accident at issue in this case could not be considered to be in reasonable repair.[4] Because defendant failed to meet its duty to maintain the streetlights in reasonable repair, we again reject defendant's argument that it should not have been found liable.

Affirmed.

MURPHY, J., concurred.

SAWYER, P.J. (*concurring in part and dissenting in part*). I agree with the majority to the extent that they conclude that the Supreme Court's decision in *Evens v Shiawassee Co Rd Comm'rs*, 463 Mich 143; 615 NW2d 702 (2000), does not affect this case because *Evens* dealt with state and county liability whereas this case involves a municipality. However, I write separately to state that I continue to believe that this

---

[4] This Court recently addressed the scope of a municipality's duty under the highway exception to governmental immunity in light of our Supreme Court's decision in *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000), the companion case to *Evens, supra*. In *Weakley v Dearborn Heights (On Remand)*, 246 Mich App 322; 615 NW2d 702 (2001), this Court reversed its previous holding and affirmed the trial court's order granting summary disposition in favor of the defendant with regard to the plaintiff's claims concerning a missing section of a public sidewalk on which the plaintiff tripped. Although this Court in *Weakley* reached an apparent contrary result to our decision in this case, we see no conflict where the *Weakley* Court agreed with our determination that the appropriate duty of the municipality is to maintain the highway in reasonable repair. *Id.*

matter was incorrectly decided originally and that I continue to adhere to the views expressed in my original dissent. *Ridley v Detroit*, 231 Mich App 381, 390; 590 NW2d 69 (1998) (SAWYER, P.J., dissenting).

Accordingly, I urge the Supreme Court to take this case up on the merits and reverse.