642 N.W.2d 342 (2002)
Marcella WEAVER, Personal Representative of the ESTATE OF Dennis WEAVER, Deceased, Plaintiff-Appellee,
v.
CITY OF DETROIT, a municipal corporation, Defendant-Appellant.
Docket No. 218514.
Court of Appeals of Michigan.
Released January 11, 2002, at 9:10 a.m.
Vacated February 8, 2002.
Released for Publication March 19, 2002.
Before: MARKEY, P.J., and McDONALD and KELLY, JJ.

ORDER
Weaver v. City of Detroit, Docket No. 218514. The Court orders that a special panel shall be convened pursuant to MCR 7.215(I) to resolve the conflict between this case and Ridley v. City of Detroit (On Remand), 246 Mich.App. 687, 639 N.W.2d 258 (2001).
The Court finds under MCR 7.215(I)(5) that the conflict in question is the only issue addressed in this case and orders that the opinion released January 11, 2002, is vacated in its entirety.
The appellant may file a supplemental brief within 21 days of the Clerk's certification of this order. Appellee may file a supplemental brief within 21 days of service of appellant's brief. Nine copies must be filed with the Clerk of the Court.
MARKEY, P.J.
Defendant city of Detroit appeals by right the trial court's order entered upon a jury verdict that found defendant liable for the wrongful death of Dennis Weaver and that awarded plaintiff Marcella Weaver, the decedent's personal representative, $2 million in damages plus interest. We affirm, but only because we believe that we are required to do so by this Court's previous majority decision in Ridley v. Detroit (On Remand), 246 Mich.App. 687, 639 N.W.2d 258 (2001). MCR 7.215(I)(1).
This case arises from an accident that occurred when a bus struck a light pole, and the light pole fell on Dennis Weaver and killed him. Plaintiff's theory of the case was that because of defendant's failure to inspect and repair the light pole, the pole corroded so seriously that when the bus merely bumped or rubbed it, it fractured and broke. Testimony presented at trial established that the rusty light pole, erected in 1970 and last inspected in 1979, was placed eighteen inches from the highway's curb, which was in accordance with industry standards, and was owned and maintained by defendant city.
Defendant city asserts that it is immune from tort liability in this case because the highway exception to governmental immunity is inapplicable in this case. We agree. The question whether a light pole adjoining a public highway comes under the highway exception to governmental immunity is one of statutory interpretation that requires review de novo. See Haworth, Inc. v. Wickes Mfg. Co., 210 Mich.App. 222, 227, 532 N.W.2d 903 (1995).
Governmental agencies are generally immune from tort liability for actions taken in furtherance of governmental functions. MCL 691.1407(1); Nawrocki v. Macomb Co. Rd. Comm., 463 Mich. 143, 156, 615 N.W.2d 702 (2000). A "governmental function" is an activity that is "expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law."[1] MCL 691.1401(f).
*343 Further, "governmental agency" is defined to include municipal corporations such as defendant city. Weakley v. Dearborn Heights (On Remand), 246 Mich.App. 322, 325, 632 N.W.2d 177 (2001); Cox v. Dearborn Heights, 210 Mich.App. 389, 392, 534 N.W.2d 135 (1995).
Governmental immunity under M.C.L. § 691.1407 is expressed in the "broadest possible language"[2] and "extends immunity to all governmental agencies for all tort liability whenever they are engaged in the exercise or discharge of a governmental function." Nawrocki, supra at 156, 615 N.W.2d 702 (emphasis in original). Still, several statutory exceptions to governmental immunity exist, including the highway exception, M.C.L. § 691.1402. Pusakulich v. Ironwood, 247 Mich.App. 80, 83, 635 N.W.2d 323 (2001). Under the highway exception, each governmental agency having jurisdiction over a highway is "required to `maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel,' and a person who sustains bodily injury or damage to property from the failure of a governmental agency to meet this requirement may recover for the damages suffered."[3]Id.; see, also, M.C.L. § 691.1402(1). At the time of the instant accident, "highway" was defined as "every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway."[4] MCL 691.1401(e). Further, "highway" is expressly defined to exclude alleys, trees, and utility poles. MCL 691.1401(e). "An action may not be maintained under the highway exception unless it is clearly within the scope and meaning of the statute." Hatch v. Grand Haven Twp., 461 Mich. 457, 464, 606 N.W.2d 633 (2000); Weakley, supra at 326, 632 N.W.2d 177.
There is no dispute in this case that defendant's erecting and maintaining a light pole constituted a governmental function. Defendant, however, asserts that the light pole at issue was a utility pole; consequently, defendant is not liable under the highway exception to governmental immunity. But in the recent case of Ridley (On Remand), supra at 691-692, 639 N.W.2d 258, a majority of this Court explicitly concluded that a light pole is not a utility pole, so it is not excluded by definition from the highway exception of governmental immunity and an action may be maintained. This Court's decision in Ridley (On Remand) followed the Supreme Court's remand[5] of this Court's first decision in Ridley v. Detroit, 231 Mich.App. 381, 590 N.W.2d 69 (1998) (hereinafter *344 "Ridley I"), for reconsideration in light of Evens v. Shiawassee Co. Rd. Comm'rs, 463 Mich. 143, 615 N.W.2d 702 (2000), the companion case of Nawrocki, supra.
In Ridley I, supra at 383, 590 N.W.2d 69, a group of men attacked and beat the plaintiff's decedent. After the beating, an automobile struck the decedent when he tried to stand. Id. After the first automobile knocked him down, a second vehicle struck and killed him. Id. On the night and on the street where the decedent was killed, the streetlights were not functioning and had not been for some time. Id. at 383-384, 590 N.W.2d 69. The trial court found that the defendant, city of Detroit, was liable because it had been negligent in failing to provide street lighting and awarded plaintiff damages. Id. at 384, 590 N.W.2d 69. This Court affirmed the trial court's entry of judgment in favor of the plaintiff and rejected the defendant city's argument that the plaintiff's claim was barred by governmental immunity. Id. at 383, 384, 590 N.W.2d 69.
In Ridley I, supra at 385, 590 N.W.2d 69, this Court first stated that the statutory language contained in M.C.L. § 691.1402(1) that restricts potential liability to "the improved portion of the highway designed for vehicular travel" is a limitation applicable to "state and county road commissions," not municipalities such as the city of Detroit. The Court further concluded that "street lighting is not included with the definition of `utility poles' for purposes of the highway exception."[6]Id. at 387, 590 N.W.2d 69. The Court explained that it reached this conclusion because the legislative purpose behind the highway exception "is to enhance the safety of travel on public highways," and because "[s]treetlights, unlike utility poles, are intended to improve highway safety by providing adequate illumination." Id.
Our Supreme Court held the application to appeal Ridley I in abeyance pending its decision in Evens, supra. In Evens, supra at 148, 150, 615 N.W.2d 702, our Supreme Court considered the scope of the highway exception to governmental immunity and determined that it was "return[ing] to a narrow construction of the highway exception predicated upon a close examination of the statute's plain language...." The Court opined that prior decisions of the Supreme Court had "improperly broadened the scope of the highway exception...." Id. at 151, 615 N.W.2d 702. In deciding Evens, the Supreme Court stated:
There is one basic principle that must guide our decision today: the immunity conferred upon governmental agencies is broad, and the statutory exceptions thereto are to be narrowly construed. [Id. at 158, 615 N.W.2d 702 (emphasis in original).]
Although the Supreme Court did not directly rule on a municipality's potential liability for defective streetlights, the Court held that traffic control devices (i.e., traffic signals and signs) "are clearly not implicated in the broad definition of `highway'" contained in M.C.L. § 691.1401(e), and emphasized that this conclusion applied equally to municipalities and to state and county road commissions. Id. at 182-183, n. 37, 615 N.W.2d 702.
In Ridley (On Remand), supra at 689, 639 N.W.2d 258, this Court affirmed its previous holding in Ridley I after concluding *345 that the Supreme Court's modification of the highway exception to governmental immunity in Evens did not apply to the facts of Ridley. The Court stated that the issue regarding whether a streetlight is included within the definition of a utility pole under M.C.L. § 691.1401(e) and would thereby be excluded from the definition of a highway was not at issue in Evens and was not addressed by the Supreme Court.[7]Ridley (On Remand), supra at 691-692, 639 N.W.2d 258.
After reviewing the Evens and Ridley decisions, we conclude that regardless of whether streetlights are considered to be utility poles, streetlights clearly are not implicated in the broad definition of "highway," which, as previously stated, includes public highways, roads, streets that are open for public travel, bridges, sidewalks, trailways, crosswalks, and culverts on the highway, but does not include "alleys, trees, and utility poles." M.C.L. § 691.1401(e). It appears to us that streetlights are akin to the traffic control devices that typically adjoin public highways and are so placed for the purpose of enhancing the safety of travelers on the roadway. Because the Evens Supreme Court specifically declared that traffic control devices were excluded from the definition of "highway," we believe it logical to equate street lights with traffic control devices as being excluded from the statutory definition of "highway." Thus, under Evens, we believe it irrelevant to debate whether streetlights are "utility poles."
Further, even assuming that the Court in Ridley (On Remand) properly concluded that a streetlight is not a utility pole, we believe that the analysis should have continued. The wording in M.C.L. § 691.1401(e) that alleys, trees, and utility poles are not included in the definition of "highway" is not meant to be construed as an exclusive list. In Evens the Court held that traffic control devices are not implicated in the definition of "highway." In other words, the fact that an item is not expressly excluded in the definition of "highway" does not mean that it is automatically included within the definition. It still must be determined whether streetlights are clearly implicated within the entire definition of "highway" because an action cannot be maintained under the highway exception statute unless it is clearly within the scope and meaning of the statute. Hatch, supra at 464, 606 N.W.2d 633; Weakley, supra at 326, 632 N.W.2d 177. Construing the highway exception narrowly as we are required to do under Evens and recognizing the rule that an action cannot be maintained under the highway exception unless it clearly falls within the scope and meaning of the statute, we conclude that the highway exception does not apply under the facts of this case. That is, we simply cannot conclude that a streetlight is clearly implicated within the entire definition of "highway." Defendant was entitled to governmental immunity. We are, however, bound by Ridley (On Remand).
We affirm the trial court's order because we are bound to do so by the majority holding in Ridley (On Remand). Because we disagree with the analysis set forth in the Ridley (On Remand) decision and were it not for that decision, we would have decided this case differently. Consequently, we recommend that this case be submitted to a special conflicts panel pursuant *346 to MCR 7.215(I)(3).[8]
We affirm.
McDONALD, J. did not participate.
NOTES
[1] The definition of "governmental function" contained in M.C.L. § 691.1401(f) was amended after the occurrence of the decedent's accident by 1999 PA 205, effective December 21, 1999. The amended statutory language does not affect our analysis in this case.
[2] "Because immunity necessarily implies that a `wrong' has occurred, ... some tort claims, against a governmental agency, will inevitably go unremedied." Nawrocki, supra at 157, 615 N.W.2d 702.
[3] We note that Dennis Weaver's accident in this case occurred in March 1995. Accordingly, the statutory language applicable in this case is found in 1990 PA 278, § 1, effective December 11, 1990, rather than the current statutory language that became effective on December 21, 1999, as enacted by 1999 PA 205. We believe that our analysis in this case is equally applicable to cases brought after the 1999 amendment.
[4] The definition of "highway" has since been amended by 1999 PA 205, effective December 21, 1999. However, the amended language does not affect our analysis in this case, and we believe that our analysis is equally applicable to cases brought after the 1999 amendment.
[5] Ridley v. Detroit, 463 Mich. 932, 622 N.W.2d 65 (2000).
[6] Sawyer, P.J., dissented, stating that "this case is specifically excluded from the public highway exception to governmental immunity because the light pole is a utility pole." Ridley I, supra at 390, 590 N.W.2d 69.
[7] Sawyer, P.J., continued to dissent from this portion of the majority's opinion in Ridley (On Remand) and urged the Supreme Court to take the case up on the merits. Id. at 693-694, 639 N.W.2d 258.
[8] Although an application for leave to the Supreme Court was submitted in September 2001 in Ridley (On Remand), leave had not been granted at the time this opinion was written.