RIDLEY v CITY OF DETROIT (ON SECOND REMAND)

Docket No. 194350. Submitted April 21, 2003, at Lansing. Decided September 23, 2003, at 9:00 A.M.

Andrew J. Ridley, personal representative of the estate of Jeffrey Ridley, deceased, brought an action in the Wayne Circuit Court against the city of Detroit and others, alleging liability by the city pursuant to the highway exception to governmental immunity for the death of the decedent resulting from the inadequate illumination of a city street on which the decedent was struck and killed by an automobile. The court, Daniel J. Van Antwerp, J., following a bench trial, entered a judgment awarding damages to the plaintiff. The Court of Appeals, KELLY and DOCTOROFF, JJ. (SAWYER, P.J., dissenting), affirmed the decision of the trial court, holding that the failure to maintain a streetlight and provide adequate lighting came within the highway exception to governmental immunity. 231 Mich App 381 (1998). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of *Evens v Shiawassee Co Rd Comm'rs*, 463 Mich 143 (2000). 463 Mich 932 (2000). On remand, the Court of Appeals, MURPHY and DOCTOROFF, JJ. (SAWYER, P.J., dissenting in part), held that *Evens* did not apply to this case because it dealt with the liability of a county road commission, not the liability of a city. 246 Mich App 687 (2001). Subsequently, the conclusion in the Court of Appeals opinions in this case that negligent maintenance of a streetlight comes within the highway exception was rejected by a special panel of the Court of Appeals convened in *Weaver v Detroit*, 252 Mich App 239 (2002), which held that a streetlight pole is not part of the highway and that the highway exception does not extend to the maintenance of streetlight poles. The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the matter to the Court of Appeals for reconsideration in light of *Weaver*. 468 Mich 862 (2003).

On second remand, the Court of Appeals *held*:

1. A streetlight pole or the illumination of a street does not come within the definition of "highway" provided in MCL 691.1401(e). The lack of illumination does not represent a defect in the highway itself because it is not part of the highway.

2. Because the claimed negligence (the defendant's failure to maintain the illumination of the street) does not involve a claim that there was a physical defect or disrepair of the street itself, the highway exception does not apply to this case. The trial court should have rendered judgment in favor of the defendant as a matter of law.

3. The Legislature should clarify whether the highway exception applies to traffic signals, signs, and lighting. The duty to maintain a highway in reasonable repair so that it is reasonably safe and convenient for public travel should extend to the maintenance of traffic signals, signs, and lighting as necessary for safe public travel, notwithstanding recent precedent limiting the applicability of the highway exception to the actual roadbed.

Reversed and remanded for entry of judgment in favor of the defendant.

GOVERNMENTAL IMMUNITY — HIGHWAYS — MUNICIPALITIES — LIGHTING.

The failure of a municipality to provide adequate lighting of the streets under its control cannot constitute a breach of the duty imposed by the highway exception to statutory governmental immunity to maintain highways in reasonable repair so that they are reasonably safe and convenient for public travel (MCL 691.1402[1]).

*Mosabi Hamed* for the plaintiff.

*Phyllis A. James*, Corporation Counsel, and *Joanne D. Stafford*, Supervising Assistant Corporation Counsel, for the defendant.

ON SECOND REMAND

Before: SAWYER, P.J., and MURPHY and NEFF, JJ.

MURPHY, J. Plaintiff successfully brought this wrongful death action after plaintiff's decedent was beaten by a gang of thugs, left in the middle of Jefferson Avenue in the city of Detroit, and run over by one or more automobiles, resulting in his death. We are asked to determine whether plaintiff pleaded in avoidance of governmental immunity. We hold that,

because illumination is not part of the actual highway, the highway exception to governmental immunity does not apply and defendant city was entitled to judgment as a matter of law.

In our original opinion,[1] we upheld the verdict in favor of plaintiff, concluding that the failure to maintain a streetlight and provide adequate lighting of the street comes within the highway exception to governmental immunity and a municipality's duty to maintain a highway in reasonable repair under MCL 691.1402(1). The Supreme Court remanded the matter to us for reconsideration in light of its opinion in *Evens v Shiawassee Co Rd Comm'rs*, a companion case to *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000). 463 Mich 932 (2000). On remand, we held that *Evens* did not apply to this case because it dealt with the liability of a county road commission, not the liability of a city. *Ridley v Detroit (On Remand)*, 246 Mich App 687; 639 NW2d 258 (2001). But the conclusion in our earlier opinions that negligent maintenance of a streetlight comes within the highway exception was subsequently rejected by a special panel of this Court convened in *Weaver v Detroit*, 252 Mich App 239; 651 NW2d 482 (2002). In *Weaver*, this Court held that a streetlight pole is not part of the highway and, therefore, the highway exception does not extend to the maintenance of streetlight poles. Our Supreme Court has again remanded this matter to us,[2] now to reconsider our earlier decision in light of the special panel's determination in *Weaver*.

---

[1] *Ridley v Detroit*, 231 Mich App 381; 590 NW2d 69 (1998).

[2] *Ridley v Detroit*, 468 Mich 862 (2003).

The Supreme Court in *Nawrocki, supra* at 172, concluded that the duty to maintain highways extends to making roads safe for pedestrian travel. In *Nawrocki,* the plaintiff was injured when she stepped from the curb onto broken pavement in the road. *Id.* at 152. The Court concluded that, although the county road commission's duty to maintain the road did not extend beyond the roadbed itself, its duty extended to making the road safe for both vehicular and pedestrian traffic. *Id.* at 172. In *Evens,* the companion case to *Nawrocki,* the plaintiff was injured when involved in a motor vehicle accident at an intersection. *Id.* at 153-154. Evens argued that the county road commission should have installed additional stop signs or traffic signals at the intersection. *Id.* at 154. The Court concluded that a county road commission's duty extends only to the maintenance of the roadbed itself, not to signs that lie outside the roadbed. *Id.* at 183. Although the Court primarily based its reasoning on the fact that a county road commission's duty extends only to the roadbed itself, it is of particular interest to this case that the Court also noted that traffic signals and signs fall outside the statutory definition of "highway" as well. *Id.* at 182-183 n 37. In fact, the Court specifically commented that, because signals and signs fall outside the definition of "highway," there was no shifting of liability from the state and counties to local municipalities where the liability is premised upon inadequate signage or signals. *Id.*

This then brings us to the special panel's decision in *Weaver.* In *Weaver, supra* at 241, the plaintiff's decedent was killed when a bus struck a light pole, which then fell on the decedent. The plaintiff's theory was that the light pole had been inadequately main-

tained and, therefore, fractured and broke even though the impact by the bus was minimal. *Id.* In light of *Nawrocki*, the *Weaver* panel rejected our holding in *Ridley (On Remand)* that the city was liable because a light pole is not a utility pole and was not specifically excluded from the definition of "highway." *Weaver, supra* at 244. *Weaver* concluded that, because a streetlight pole does not come within the definition of "highway" found in MCL 691.1401(e), the highway exception to immunity does not apply. *Id.* at 245. *Weaver* specifically noted the emphasis in *Nawrocki* that governmental immunity is broad and that exceptions are to be narrowly construed. *Weaver, supra* at 245.

Turning to this case, in view of developing case law, we hold that plaintiff did not successfully plead in avoidance of immunity. Plaintiff at this point focuses on the argument that defendant's liability arises not from the failure to maintain the streetlight pole, but from the failure to properly illuminate the street by whatever means. Plaintiff argues that the Supreme Court has never held that illumination is excluded from the definition of highway. But that same argument was rejected in *Weaver*. Something is not included in the definition of "highway" merely because it has not been excluded. See *Weaver, supra* at 246. Rather, we look to whether it is, in fact, actually and specifically included in the definition. *Id.* Illumination is not included within the statutory definition of "highway." Thus, the lack of illumination does not represent a defect in the highway itself because it is not part of the highway.

The issue of lack of illumination is comparable to a claim of inadequate signage. In fact, plaintiff's original

brief makes that very comparison. Illumination, like signage, does not implicate the physical condition of the street itself. Like signage, illumination alerts a driver to a potential danger (e.g., a person lying in the street). But the inevitable conclusion is that, if the lack of adequate signage warning a driver of a danger does not come within the highway exception, neither does the lack of illumination.

Because the claimed negligence (defendant's failure to maintain the illumination of the street) does not involve a claim that there was a physical defect or disrepair of the street itself, the highway exception does not apply. Thus, the trial court should have rendered judgment in favor of defendant as a matter of law. In light of *Weaver*, we reverse the judgment of the circuit court and remand the matter for entry of judgment in favor of defendant.

Our ruling today is made on the basis of binding precedent that we are required to follow. However, we respectfully voice our strong disagreement with recent precedent that has whittled away and vitiated the highway exception to governmental immunity, MCL 691.1402(1), to a degree which we believe is beyond that contemplated and intended by the Legislature. We find it imperative that the Legislature make itself heard, clearly and unequivocally, with respect to whether the highway exception should apply to traffic signals, signs, and lighting. The need for legislative clarity is apparent, considering the wide disparity of judicial opinions on the matter, including those issued by the majority sitting on the Michigan Supreme Court. See e.g., *Nawrocki, supra,* overruling *Pick v Szymczak,* 451 Mich 607; 548 NW2d 603 (1996). Ultimately, it is the Legislature's call, not the courts'. Our

concern is with the injustices and inequities that can result through reliance on binding judicial opinions precluding application of the highway exception that might not reflect the Legislature's intent. This Court fully appreciates that we are not members of the Legislature and that appellate opinions are not proper vehicles for articulating personal sentiments; however, this opinion is not meant to seek particular legislation, but rather seeks legal clarification on a matter of great importance, i.e., the safety of our public roadways.

MCL 691.1402(1) indicates that the relevant governmental agency shall maintain a highway under its jurisdiction in "reasonable repair so that it is *reasonably safe and convenient for public travel.*" (Emphasis added.) Although MCL 691.1401(e) defines a highway as a "public highway, road, or street . . ." without specific reference to traffic signals, signs, and lighting, necessary and indispensable parts of any road or street are such traffic devices that safely guide the public in their travel on a roadway. It should go without saying that the mandate to keep a road in reasonable repair includes the need to properly operate traffic devices with respect to that road; the devices are an integral part of the road. One can imagine the chaos and havoc that would ensue on Michigan roads without traffic signals, signs, and lighting that operated properly. We find it clear that the overriding concern of the Legislature was the safety of motorists and pedestrians in using the roadways. See MCL 691.1402(1). To separate and distinguish the actual roadbed from traffic signals, signs, and lighting that direct traffic on the roadbed seems illogical and inconsistent with public safety even if it is arguably

consistent with a plain textualist reading of the statute.

We are required to conclude that the Legislature intended governmental agencies to be immune from liability where, for example: (a) a stop light malfunctions at an intersection, showing green lights to all traffic, and the local municipality fails for several hours, days, or years after notice to take corrective or safety measures before which time a motorist is injured in a collision caused by the malfunction, (b) a municipality negligently places a single one-way sign pointing in a direction opposite of the actual traffic flow, thereby causing a head-on collision for a motorist entering the one-way street, (c) a municipality fails to provide lighting at an intersection heavily used by motorists and pedestrians resulting in a car-pedestrian accident, or (d) a new road is constructed intersecting an established road without a stop sign or light being added before the road is opened, resulting in a collision.

Of course, a list of scenarios could be unending. The point is that the Legislature indicated the desire to keep highways "reasonably safe and convenient for public travel," and yet these scenarios would not result in the protection of the public, nor in any liability of a governmental agency, thus removing a motivating factor for governmental action. If the Legislature intended for there to be no consequences for failure to properly maintain traffic signals, signs, and lighting, so be it; however, if this is not what was or is intended, the Legislature may want to act accordingly.

Reversed and remanded for entry of judgment in favor of defendant. We do not retain jurisdiction.

NEFF, J., concurred.

SAWYER, P.J., I concur in result only.