688 N.W.2d 832 (2004)
261 Mich. App. 801
Denise JOHNSON-McINTOSH and Alvin McIntosh, as Next Friends of Daesha Johnson, a Minor, Plaintiffs-Appellees,
v.
CITY OF DETROIT, Defendant-Appellant, and
Tommy Nathan McGee, Jr., and Tommy Nathan McGee III, Defendants.
No. 244349.
Court of Appeals of Michigan.
Released April 29, 2004, at 9:00 a.m.
Vacated May 26, 2004.
Released for Publication July 7, 2004.
Before: COOPER, P.J., and GRIFFIN and BORRELLO, JJ.

*833 ORDER
Johnson-McIntosh v. City of Detroit, Docket No. 244349. The Court orders that a special panel shall be convened pursuant to MCR 7.215(J) to resolve the conflict between this case and Marchyok v. Ann Arbor, 260 Mich.App 684, 679 N.W.2d 703 (2004).
The Court further orders that the opinion in this case released on April 29, 2004, is vacated. MCR 7.215(J)(5).
The appellant may file a supplemental brief within 21 days of the Clerk's certification of this order. The appellee may file a supplemental brief within 21 days of service of appellant's brief. Nine copies must be filed with the Clerk of the Court.
COOPER, P.J.
Defendant city of Detroit appeals as of right from the trial court's order denying its renewed motion for summary disposition pursuant to MCR 2.116(C)(7) and MCR 2.116(C)(8). Defendant asks that this Court's decision in Weaver v. Detroit[1] be applied retroactively, and to therefore determine that defendant was governmentally immune from liability for its failure to maintain an inoperative traffic signal. We reverse, but only because we believe that we are required to do so by this Court's previous majority decision in Marchyok v. Ann Arbor.[2]

I. Facts and Procedural History
On June 25, 2001, Tommy Nathan McGee III was driving southbound on Pennington Road in the city of Detroit with Daesha Johnson as his passenger. McGee drove through the intersection of West Seven Mile Road, and as a result of an inoperative traffic signal, collided with another vehicle and then ran into a tree. Johnson was injured and brought suit through her next friends against defendant city of Detroit, alleging a breach of duty under M.C.L. § 691.1402a to maintain and repair all installations, including traffic signals, on portions of county highways outside the improved portion designed for vehicular travel.[3]
Defendant responded to plaintiffs' claims with its initial motion for summary disposition. Defendant asserted that plaintiffs' claims were barred by governmental immunity under M.C.L. § 691.1402(1). Defendant, relying on Nawrocki v. Macomb Co Rd Comm, contended that municipalities are immune from liability for injuries caused by defective traffic signals.[4] The trial court denied defendant's initial motion without prejudice, finding that, as Nawrocki involved claims against a county, it was inapplicable to the facts of this case.
This Court subsequently rendered its opinion in Weaver, explicitly extending the Nawrocki holding with regard to streetlight poles to municipalities. As a result, defendant filed a renewed motion for summary disposition based on governmental *834 immunity, asserting that municipalities are now governmentally immune from tort liability arising from defective traffic signals. The trial court determined that if Weaver were applied, defendant would be governmentally immune from liability. However, the trial court declined to apply Weaver, as this Court did not expressly rule that the decision was to apply retroactively.

II. Legal Analysis
We review a trial court's determination regarding a motion for summary disposition de novo.[5] A motion under MCR 2.116(C)(7) "`tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties.'"[6] A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the pleadings alone and should be granted only if the factual development of the claim could not justify recovery.[7]
The majority in Marchyok found that a municipality is immune from liability under the highway exception for injuries caused by defective traffic control devices by erroneously extending Nawrocki's ruling regarding the limitations on a state or county road commission's liability to a municipality, in direct contravention of Nawrocki.[8] Absent an exception, a governmental agency is immune from tort liability for injuries caused while the agency was engaged in a governmental function.[9] A governmental function is "`an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law.'"[10] The grant of governmental immunity is broad, and its exceptions are narrowly construed.[11]
In this case, plaintiffs alleged that defendant was liable under the highway exception to governmental immunity, which provides:

Except as otherwise provided in section 2a, each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.... The duty of the state and the county road commissions to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.[[12]]
*835 A municipality's duty with regard to county highways is established in M.C.L. § 691.1402a.
Except as otherwise provided by this section, a municipal corporation has no duty to repair or maintain, and is not liable for injuries arising from, a portion of a county highway outside of the improved portion of the highway designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation. This subsection does not prevent or limit a municipal corporation's liability if both of the following are true:
(a) At least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel.
(b) The defect described in subdivision (a) is a proximate cause of the injury, death, or damage.[[13]]
"Highway" is defined, for purposes of the statute, as "a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway."[14] Specifically excluded from the definition are "alleys, trees, and utility poles."[15]
The panel in Marchyok rejected the plaintiff's reliance on Cox v. Dearborn Hts,[16] by finding, based on Carr v. Lansing, that Nawrocki implicitly overruled Cox.[17] In Cox, this Court analyzed the scope of a municipality's liability under the highway exception. This Court determined that the highway exception expressly limited only the liability of the state or county road commissions to injuries resulting from defective conditions on the improved portion of the highway designed for vehicular travel.[18] A municipality's liability was limited solely by the first sentence of the exception. Therefore, a municipality has a duty to maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel.[19]
Carr and Marchyok indicate that Nawrocki completely overrules Cox; however, we cannot agree. In Nawrocki, our Supreme Court overruled precedent imposing a duty on county road commissions "`to provide adequate warning signs or traffic control devices at known points of hazard....'"[20] The phrase "improved portion of the highway designed for vehicular travel" in the highway exception is narrowly construed and only extends the duty of the state or county road commissions "to repair or maintain the actual physical structure of the roadbed surface, paved or unpaved, designed for vehicular *836 travel...."[21] The state or county road commissions are, therefore, immune from liability for injuries arising from a defective traffic control device, because those devices are not part of "the improved portion of the highway designed for vehicular travel."[22]
In response to the dissent, the Nawrocki majority stated that its holding did not "shift" liability for traffic control devices from the state or county road commissions to municipalities.[23]
Clearly, traffic signals and signs are not implicated in the broad definition of "highway" in MCL 691.1401(e); MSA 3.996(101)(e): "`Highway' means a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway. The term highway does not include alleys, trees, and utility poles." MCL 691.1402; MSA 3.996(102) creates an exception to governmental immunity for the state or county road commissions' failure to maintain and repair the "improved portion of the highway designed for vehicular travel." Thus, there is a gap that exists between the "improved portion of the highway designed for vehicular travel," and the broader confines of "highway," defined in subsection 1(e). MCL 691.1402a; MSA 3.996(102a) seeks to fill this gap, at least with respect to county highways. However, because traffic control devices are clearly not implicated in the broad definition of "highway," there can be no "shifting" of liability from the state and county road commissions to local municipalities.[[24]]
The duty to repair and maintain those portions of county highways outside the improved portion designed for vehicular travel fell on municipalities under M.C.L. § 691.1402a before the Nawrocki decision, and therefore, did not "shift" onto municipalities thereafter.[25] As Nawrocki expressly limited its own application to the duties of the state or counties, Nawrocki does not overrule Cox, implicitly or otherwise.
Subsequent to Nawrocki, a special panel of this Court[26] determined in Weaver that municipalities, like counties, are immune from tort liability for the negligent maintenance of streetlight poles.[27] The panel in Marchyok erroneously relied on dicta in Weaver that traffic control devices are not part of the statutory definition of highway. Although Weaver limited a municipality's liability under the highway exception, it also did not expressly overrule Cox. Weaver is factually dissimilar to Cox and the case before us, as the injury in Weaver arose when a streetlight pole fell and fatally *837 struck the plaintiff's decedent. Streetlight poles and traffic control devices play significantly different roles in making a highway "reasonably safe and convenient for public travel."
The strained interpretation of M.C.L. § 691.1402(1) relied upon by Carr and Marchyok does not comport with the spirit of Nawrocki. In rendering its opinion, our Supreme Court noted its "return to a narrow construction of the highway exception predicated upon a close examination of the statute's plain language...."[28] In doing so, our Supreme Court recognized that the fourth sentence of M.C.L. § 691.1402(1) limiting liability to injuries caused by defects in the actual physical roadbed applied only to the state or county road commissions. The Supreme Court further recognized that, when read in conjunction with M.C.L. § 691.1402a, a municipality does face liability for injuries caused by defective conditions outside the improved portion of a county highway.[29] Therefore, the subsequent cases of our Court straining to limit all liability on all governmental agencies for defective conditions outside of the improved portion of the highway is clearly unnecessary and leaves injured parties without recourse. It also leaves the public open to potential risk of further harm.
While the Supreme Court has ruled that it is now permissible to interpret a statute so that an absurd result is achieved,[30] apparently, that was not the case in Nawrocki, where the Supreme Court's intention was to reach a logical result by applying the plain language of M.C.L. § 691.1402(1) and M.C.L. § 691.1402a. By following Marchyok's misplaced interpretation of the plain language of M.C.L. § 691.1402(1) in contravention of the Nawrocki decision, we are continuing the perpetration of an unintended absurd result  that no governmental agency is ever responsible for installing and maintaining traffic control devices. As this Court noted in Ridley v. Detroit (On Second Remand):
Our ruling today is made on the basis of binding precedent that we are required to follow. However, we respectfully voice our strong disagreement with recent precedent that has whittled away and vitiated the highway exception to governmental immunity, MCL 691.1402(1), to a degree which we believe is beyond that contemplated and intended by the Legislature. We find it imperative that the Legislature make itself heard, clearly and unequivocally, with respect to whether the highway exception should apply to traffic signals, signs, and lighting....
* * *
We are required to conclude that the Legislature intended governmental agencies to be immune from liability where, for example: (a) a stop light malfunctions at an intersection, showing green lights to all traffic, and the local municipality fails for several hours, days, or years after notice to take corrective or safety measures before which time a motorist is injured in a collision caused by the malfunction, (b) a municipality negligently places a single one-way sign pointing in a direction opposite of the actual traffic flow, thereby causing a head-on collision for a motorist entering the one-way street, (c) a municipality fails to provide lighting at an *838 intersection heavily used by motorists and pedestrians resulting in a car-pedestrian accident, or (d) a new road is constructed intersecting an established road without a stop sign or light being added before the road is opened, resulting in a collision.[[31]]
We reverse the trial court's order because we are bound to do so by the majority holding in Marchyok. Were it not for the Marchyok decision, we would affirm. Consequently, we recommend that this case be submitted to a special conflicts panel pursuant to MCR 7.215(J)(3).
Reversed.
NOTES
[1] Weaver v. Detroit, 252 Mich.App. 239, 651 N.W.2d 482 (2002), lv. den. 468 Mich. 864, 659 N.W.2d 229 (2003).
[2] Marchyok v. Ann Arbor, 260 Mich.App. 684, 679 N.W.2d 703 (2004); MCR 7.215(J)(1).
[3] Plaintiffs also alleged claims against McGee and his father, Tommy Nathan McGee, Jr., as the owner of the vehicle, but these claims are not relevant to this appeal.
[4] Nawrocki v. Macomb Co. Rd. Comm., 463 Mich. 143, 172-184, 615 N.W.2d 702 (2000). Nawrocki was consolidated on appeal with Evens v. Shiawassee Co. Rd. Comm'rs. Evens involved a county's liability with regard to defective traffic control devices while Nawrocki involved a defective roadbed. The consolidated appeal will be referred to as Nawrocki throughout.
[5] Beaudrie v. Henderson, 465 Mich. 124, 129, 631 N.W.2d 308 (2001).
[6] Maskery v. Univ. of Michigan Bd. of Regents, 468 Mich. 609, 613, 664 N.W.2d 165 (2003), quoting Glancy v. Roseville, 457 Mich. 580, 583, 577 N.W.2d 897 (1998).
[7] Beaudrie, supra at 129-130, 631 N.W.2d 308.
[8] Marchyok, supra at 685-687, 688-689, 679 N.W.2d 703.
[9] M.C.L. § 691.1407(1); Maskery, supra at 613, 664 N.W.2d 165.
[10] Carr v. City of Lansing, 259 Mich.App. 376, 379, 674 N.W.2d 168 (2003), quoting M.C.L. § 691.1401(f).
[11] Nawrocki, supra at 158, 615 N.W.2d 702.
[12] M.C.L. § 691.1402(1) (emphasis added). It is undisputed that the traffic signal was within defendant's jurisdiction.
[13] M.C.L. § 691.1402a(1).
[14] M.C.L. § 691.1401(e).
[15] Id.
[16] Cox v. Dearborn Hts., 210 Mich.App. 389, 534 N.W.2d 135 (1995).
[17] Marchyok, supra at 686-689, 679 N.W.2d 703, quoting Carr, supra at 384-388, 674 N.W.2d 168.
[18] Cox, supra at 393, 534 N.W.2d 135.
[19] Id. at 394, 534 N.W.2d 135, citing M.C.L. § 691.1402(1). We are not bound by this Court's decision in Carr. Carr conflicts with Cox, which was released eight years prior to Carr. In the case of a conflict, the first opinion released by our Court is binding on subsequent panels. MCR 7.215(J)(1).
[20] Nawrocki, supra at 173, 615 N.W.2d 702, quoting Pick v. Szymczak, 451 Mich. 607, 619, 548 N.W.2d 603 (1996).
[21] Id. at 180, 183, 548 N.W.2d 603.
[22] Id. at 184, 548 N.W.2d 603.
[23] Id. at 182 n. 37, 548 N.W.2d 603.
[24] Id. (emphasis in original).
[25] We take exception, to the various opinions of our Court subsequently interpreting footnote 37 as a complete bar to any liability being imposed on any governmental agency  state, county or local  for defective traffic control devices. See Marchyok, supra at 686-689, 679 N.W.2d 703; Carr, supra at 382-383, 674 N.W.2d 168; Ridley v. Detroit (On Second Remand), 258 Mich.App. 511, 514-516, 673 N.W.2d 448 (2003).
[26] The special panel was convened in Weaver, supra, to resolve a conflict between Weaver v. Detroit, 249 Mich.App. 801, 642 N.W.2d 342 (2002), vacated 249 Mich.App. 801, 642 N.W.2d 342 (2002), and Ridley v. Detroit (On Remand), 246 Mich.App. 687, 639 N.W.2d 258 (2001), vacated and remanded 468 Mich. 862, 659 N.W.2d 228 (2003) (On Second Remand), 258 Mich.App. 511, 673 N.W.2d 448 (2003).
[27] Weaver, supra, 252 Mich.App. at 240, 651 N.W.2d 482.
[28] Nawrocki, supra at 150, 615 N.W.2d 702.
[29] Nawrocki, supra at 182 n. 37, 615 N.W.2d 702.
[30] People v. McIntire, 461 Mich. 147, 155-159 & n. 2, 599 N.W.2d 102 (1999), quoting and adopting the dissenting opinion, including footnotes, of Young, J., in the Court of Appeals opinion in that matter.
[31] Ridley (On Second Remand), supra at 516-518, 258 Mich.App. 511.