LAIN v BEACH

Docket No. 100062. Submitted March 1, 1988, at Lansing. Decided
February 27, 1989.

Joann Lain and Clifford Munson died of injuries suffered in an
automobile accident which occurred at the intersection of M-20,
a state highway, and Meridian Road, a Midland County road.
Dean E. Beach, driving a truck owned by Jeffrey R. Beach,
failed to stop at a newly installed traffic signal light which was
red for the Beaches at the time and struck the vehicle in which
Lain and Munson were riding. Phillip Lain, personal represen-
tative of the estate of Joann Lain, deceased, and Robert and
Gary Munson, individually and as co-personal representatives
of the estate of Clifford Munson, deceased, filed suit against the
Beaches and the Midland County Road Commission in Midland
Circuit Court, alleging negligence. Plaintiffs also filed a com-
plaint against the Michigan Department of Transportation in
the Court of Claims. The case against MDOT was transferred to
Midland Circuit Court and joined with the other case. The road
commission asserted by way of an affirmative defense that
MDOT was in control of the highway. The Beaches filed a cross-
claim against the road commission and MDOT, seeking contribu-
tion and indemnification based on allegations of negligent
maintenance of a public highway. The road commission moved
for summary disposition on the grounds that it was immune
from liability, that plaintiffs had failed to state a claim upon
which relief could be granted, and that no genuine issue as to
any material facts existed. Plaintiffs' claims against the road
commission were dismissed by stipulation, and the court, Paul
J. Clulo, J., ordered summary disposition in favor of the road
commission against the Beaches. The court found that the road

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 340 et seq.
Liability for automobile accident, other than direct collision with
pedestrian, at intersection as affected by reliance upon or disre-
gard of stop-and-go signal. 2 ALR3d 12.
Liability of highway authorities arising out of motor vehicle acci-
dent allegedly caused by failure to erect or properly maintain
traffic control device at intersection. 34 ALR3d 1008.

commission had no control over the intersection and, therefore, no duty to warn of any dangers. The Beaches appealed.

The Court of Appeals *held:*

Under the Michigan Constitution, the State Transportation Commission and the state Department of Transportation have jurisdiction over state highways. Intersections of state highways and county roads are within the state's jurisdiction. Since the accident occurred at an intersection under the exclusive jurisdiction of MDOT and the road commission had no jurisdiction over that intersection, the county had no duty to warn of possible hazards associated with the intersection. The Beaches' claim of negligence against the road commission is unenforceable as a matter of law, and the trial court properly granted summary disposition in favor of the road commission.

Affirmed.

1. Highways — Jurisdiction — Intersections.

The Michigan Constitution confers upon the State Transportation Commission and the state Department of Transportation jurisdiction over state highways; intersections of state highways and county roads are within the state's jurisdiction (Const 1963, art 5, § 28).

2. Highways — Dangerous Conditions — Duty to Warn — County Road Commissions — Intersections.

There is no duty on the part of a county road commission to warn of possibly dangerous conditions of roads which are under the exclusive jurisdiction of another governmental entity; the intersection of a county road and a state highway is under the exclusive jurisdiction of the Michigan Department of Transportation.

*Zimostrad & Zimostrad, P.C.* (by *Eric W. Zimostrad*), for appellant.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Susan D. Nelson*), for appellee.

Before: Sawyer, P.J., and Michael J. Kelly and J. J. Rashid,* JJ.

Per Curiam. Dean E. Beach and Jeffrey R. Beach appeal from a Midland Circuit Court order

* Circuit judge, sitting on the Court of Appeals by assignment.

granting the Midland County Road Commission summary disposition. We affirm.

This case arises out of an automobile accident which occurred at the intersection of M-20, a state highway, and Meridian Road, a Midland County road. The accident occurred at about 6:00 P.M. on June 10, 1986. Dean E. Beach was driving a pickup truck belonging to his passenger, Jeffrey R. Beach. Joann Lain was driving a car belonging to her passenger, Clifford Munson. Lain and Munson were traveling north on Meridian Road. The Beaches were traveling east on M-20 and ran a red traffic signal, striking Munson's car. Lain died that day and Munson died on December 3, 1986.

On September 11, 1986, the personal representatives of the estates of Lain and Munson filed a complaint against the Beaches and the road commission in Midland Circuit Court, alleging negligence. They also filed a complaint against the Michigan Department of Transportation in the Court of Claims. By stipulation of the parties, the case against MDOT was transferred to Midland Circuit Court and joined with the other case.

The road commission's answer asserted by way of an affirmative defense that MDOT was in control of the highway. The Beaches filed a cross-claim against the road commission and MDOT, seeking contribution and indemnification based on allegations of negligent maintenance of a public highway. The Beaches claimed that, because the traffic light was new and had previously operated as a flashing light, the commission and MDOT had a duty to warn the public about the new light. The road commission moved for summary disposition on the grounds that it was immune from liability, that plaintiffs had failed to state a claim upon which relief could be granted, and that no genuine issue as to any material facts existed. See MCR

2.116(C)(7), (8), and (10). The road commission then amended its motion for summary disposition to also apply to the cross-claim. Plaintiffs' claims against the road commission were dismissed by stipulation at a later date.

The trial court ordered summary disposition in favor of the road commission against the Beaches, finding that the road commission had no control over the intersection and, therefore, that it had no duty to warn of any dangers.

The Beaches appeal the dismissal of their cross-claim, arguing that the trial court erred in finding that the road commission had no duty to warn of a new traffic signal installed at the intersection.

While the road commission moved for summary disposition under MCR 2.116(C)(7), (8), and (10), the trial court found that the Beaches had failed to state a claim. Therefore, we will proceed under the assumption that the motion was granted under MCR 2.116(C)(8).

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the pleadings, viewing the facts alleged in the light most favorable to the nonmoving party and accepting the plaintiff's well-pled facts as true. *Burnett v City of Adrian,* 414 Mich 448, 457; 326 NW2d 810 (1982). Granting a motion for summary disposition is appropriate only where the claim is clearly unenforceable as a matter of law and no factual development can possibly justify a right to recovery. *Id.,* at 457-458.

Governmental agencies are immune from any tort liability that would arise out of the operation and maintenance of public highways. MCL 691.1407; MSA 3.996(107). Governmental immunity is not available as a defense to a governmental agency where the injuries arise out of the failure to maintain a public highway under its

jurisdiction in reasonable repair so that it is reasonably safe for travel. MCL 691.1402; MSA 3.996(102).

Under the Michigan Constitution, the State Transportation Commission and the state Department of Transportation have jurisdiction over state highways. Const 1963, art 5, § 28; *Bennett v City of Lansing,* 52 Mich App 289, 294; 217 NW2d 54 (1974), lv den 399 Mich 840 (1977). Intersections of state highways and county roads are within the state's jurisdiction. See *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

Since the accident occurred at an intersection under the exclusive jurisdiction of MDOT and the road commission had no jurisdiction over that intersection, the road commission had no duty to warn of possible hazards associated with the intersection. The failure of the road commission to post signs on its own road warning of possible dangerous conditions which are under the exclusive jurisdiction of another governmental entity is not actionable. There is no duty on the part of the road commission to warn of possibly dangerous conditions which are under the exclusive jurisdiction of another governmental entity, in this case MDOT. To impose such a duty would be an expansion of the statutory highway exception to governmental immunity. The Beaches' claim of negligence against the road commission is unenforceable as a matter of law, and the trial court properly granted summary disposition to the road commission.

We decline to address the Beaches' nuisance claim, since they did not allege nuisance in their complaint.

Affirmed.