Per Curiam.
 

 We convened a special panel
 
 [1]
 
 to resolve the conflict between
 
 Weaver v Detroit,
 
 249 Mich App 801 (2002), vacated 249 Mich App 801 (2002) (hereafter
 
 Weaver I
 
 ), and
 
 Ridley v Detroit (On Remand),
 
 246 Mich App 687; 639 NW2d 258 (2001). We examine here whether a municipality is liable in tort for an alleged negligent maintenance of a streetlight pole, under the highway exception
 
 [2]
 
 to governmental immunity. The panel in
 
 Weaver I
 
 would have answered “no” to this question had it not been bound by the prior holding in
 
 Ridley (On Remand).
 
 We find that the panel in
 
 Weaver I
 
 was correct and hold both that a streetlight pole is not implicated in the definition of the term “highway” found in MCL 691.1401(e) and that the highway exception to governmental immunity does not apply here. Accord
 
 *241
 
 ingly, we reverse the judgment entered by the trial court against defendant based on the jury verdict and remand this case to the trial court for entry of a judgment of no cause of action in favor of defendant.
 

 I. FACTS AND PROCEEDINGS
 

 The following summary of the facts and proceedings is adopted from our Court’s opinion in
 
 Weaver I, supra
 
 at 801-805:
 

 Defendant city of Detroit appeals by right the trial court’s order entered upon a jury verdict that found defendant liable for the wrongful death of Dennis Weaver and that awarded plaintiff Marcella Weaver, the decedent’s personal representative, $2 million in damages plus interest. . . .
 

 This case arises from an accident that occurred when a bus struck a light pole, and the light pole fell on Dennis Weaver and killed him. Plaintiff’s theory of the case was that because of defendant’s failure to inspect and repair the light pole, the pole corroded so seriously that when the bus merely bumped or rubbed it, it fractured and broke. Testimony presented at trial established that the rusty light pole, erected in 1970 and last inspected in 1979, was placed eighteen inches from the highway’s curb, which was in accordance with industry standards, and was owned and maintained by defendant city.
 

 Defendant city asserts that it is immune from tort liability in this case because the highway exception to governmental immunity is inapplicable in this case. . . .
 

 . . . Defendant. . . asserts that the light pole at issue was a utility pole; consequently, defendant is not liable under the highway exception to governmental immunity. But in the recent case of
 
 Ridley (On Remand), supra
 
 at 691-692, a majority of this Court explicitly concluded that a light pole is
 
 not
 
 a utility pole, so it is not excluded by definition from the highway exception of governmental immunity and an
 
 *242
 
 action may be maintained. This Court’s decision in
 
 Ridley (On Remand)
 
 followed the Supreme Court’s remand
 
 [5]
 
 of this Court’s first decision in
 
 Ridley v Detroit,
 
 231 Mich App 381; 590 NW2d 69 (1998) (hereinafter
 
 “Ridley
 
 i”), for reconsideration in light of
 
 Evens v Shiawassee Co Rd Comm’rs,
 
 463 Mich 143; 615 NW2d 702 (2000), the companion case of
 
 Nawrocki [v Macomb Co Rd Comm].
 

 In
 
 Ridley I, supra
 
 at 383, a group of men attacked and beat the plaintiff’s decedent. After the beating, an automobile struck the decedent when he tried to stand.
 
 Id.
 
 After the first automobile knocked him down, a second vehicle struck and killed him.
 
 Id.
 
 On the night and on the street where the decedent was killed, the streetlights were not functioning and had not been for some time.
 
 Id.
 
 at 383-384. The trial court found that the defendant, city of Detroit, was liable because it had been negligent in failing to provide street lighting and awarded plaintiff damages.
 
 Id.
 
 at 384. This Court affirmed the trial court’s entry of judgment in favor of the plaintiff and rejected the defendant city’s argument that the plaintiff’s claim was barred by governmental immunity.
 
 Id.
 
 at 383, 384.
 

 E. STANDARD OF REVIEW
 

 Because this case involves a question of statutory interpretation, our review is de novo.
 
 Pohutski v Allen Park,
 
 465 Mich 675, 683; 641 NW2d 219 (2002). We must give effect to each word in the statute, according to its plain and ordinary meaning.
 
 Id.
 
 at 683-684. Additionally, we should avoid construing the statute in a manner that renders any part of it sur-plusage or nugatory.
 
 Id.
 
 at 684.
 

 
 *243
 
 m. ANALYSIS
 

 A GOVERNMENTAL IMMUNITY WITH REGARD TO MUNICIPALITIES
 

 Recently, in
 
 Pohutski, supra,
 
 our Supreme Court reviewed the development of governmental immunity in our state and noted the important historical distinction between “sovereign immunity,” which applies only to state government, and “governmental immunity,” which initially through judicial construction was applied to “inferior” divisions of government, including municipalities.
 
 Id.
 
 at 682. In
 
 Williams v Detroit,
 
 364 Mich 231, 250; 111 NW2d 1 (1961), however, the Michigan Supreme Court abolished the common-law doctrine of governmental immunity as applied to municipalities.
 
 Pohutski, supra
 
 at 682-683. Partly in reaction to the
 
 Williams
 
 decision, the Legislature enacted the governmental tort liability act in 1964 with the intention of providing “ ‘uniform liability and immunity to both state and local governmental agencies’ when involved in a governmental function.”
 
 Id.
 
 at 683, quoting
 
 Ross v Consumers Power Co (On Rehearing),
 
 420 Mich 567, 614; 363 NW2d 641 (1984).
 

 As enacted, the act grants immunity from tort liability to governmental agencies involved in exercising or discharging governmental functions. MCL 691.1407(1). The definition of “governmental agency” includes municipal corporations such as defendant city of Detroit.
 
 Weakley v Dearborn Heights (On Remand),
 
 246 Mich App 322, 325; 632 NW2d 177 (2001);
 
 Cox v Dearborn Heights,
 
 210 Mich App 389, 392; 534 NW2d 135 (1995). At the time of the accident in this case, a “governmental function” was defined as an activity that is “expressly or impliedly mandated or authorized by constitution, statute, local charter or ordi
 
 *244
 
 nance, or other law.”
 
 [3]
 
 MCL 691.1401(f). Here, there is no dispute that erecting and maintaining the streetlight pole constituted a governmental function.
 

 B. EXTENT OF IMMUNITY
 

 The immunity granted under MCL 691.1407 is expressed in the “broadest possible language . . . .”
 
 Nawrocki v Macomb Co Rd Comm,
 
 463 Mich 143, 156; 615 NW2d 702 (2000). However, it is subject to certain statutory exceptions, including the highway exception, MCL 691.1402.
 
 Pusakulich v Ironwood,
 
 247 Mich App 80, 83; 635 NW2d 323 (2001). Pursuant to this exception, a governmental agency is not immune from tort liability that results from its failure to “maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel.” MCL 691.1402(1).
 

 C. INAPPLICABILITY OF THE HIGHWAY EXCEPTION
 

 The Court in
 
 Ridley (On Remand)
 
 reaffirmed its previous determination that, because a streetlight was not a utility pole and not otherwise specifically excluded from the definition of “highway,” the highway exception to governmental immunity applied and the defendant city could be held responsible for failing to maintain a streetlight.
 
 Ridley (On Remand), supra
 
 at 690-692. Moreover, the
 
 Ridley (On Remand)
 
 Court held that
 
 Nawrocki
 
 and its companion case,
 
 Evens v Shiawassee Co Rd Comm’rs,
 
 were not con
 
 *245
 
 trolling for two reasons: (1)
 
 Nawrocki
 
 and
 
 Evens
 
 both involved claims against county road commissions, but the defendant in
 
 Ridley
 
 was a municipality and (2) the Supreme Court did not address in
 
 Nawrocki
 
 and
 
 Evens
 
 whether a streetlight is a utility pole.
 
 Ridley (On Remand), supra
 
 at 691-692.
 

 We find these distinctions to be insignificant when the facts of this case are analyzed in a manner consistent with the central theme of the Supreme Court’s decision in
 
 Nawrocki.
 
 Critical to the Court’s analysis in
 
 Nawrocki
 
 is the basic principle that “the immunity conferred upon governmental agencies is
 
 broad,
 
 and the statutory exceptions thereto are to be
 
 narrowly
 
 construed.”
 
 Nawrocki, supra
 
 at 158. Consistent with this basic principle, “[n]o action may be maintained under the highway exception unless it is clearly within the scope and meaning of [MCL 691.1402(1)].”
 
 Weakley, supra
 
 at 326.
 

 Applying these principles, we conclude that the highway exception to governmental immunity does not apply here because a streetlight pole is not part of the “highway.” At the time of the accident, MCL 691.1401(e), in part, defined “highway” to mean “every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway.”
 
 [4]
 
 We agree with the
 
 Weaver I
 
 panel and hold that, as with traffic signals and signs, see
 
 Nawrocki, supra
 
 at 180, 182 & n 37, the plain language of the statute does not support the conclusion that streetlight poles are included within the definition of the term “highway.”
 
 Weaver I,
 
 
 *246
 

 supra
 
 at 804. Accordingly, we reject as inconsistent with the plain language of the statute the holding in
 
 Ridley (On Remand)
 
 that a streetlight pole is part of the “highway” because it is not specifically excluded from the definition of “highway” in MCL 691.1401(e). The Court in
 
 Ridley (On Remand)
 
 also concluded that the highway exception to governmental immunity applies to cases involving negligent failure to provide street lighting because a streetlight pole is not a utility pole as provided in MCL 691.1401(e). However, because a streetlight pole is not included in the definition of “highway,” we need not and do not decide whether the Court in
 
 Ridley (On Remand)
 
 correctly decided this question.
 

 IV. CONCLUSION
 

 For the foregoing reasons, we agree with the Court in
 
 Weaver I
 
 that a streetlight pole is not part of the highway as defined in MCL 691.1401(e) and that
 
 Rid-ley (On Remand)
 
 was wrongly decided. Accordingly, we reverse the trial court’s order of judgment in favor of plaintiff consistent with the juiy verdict, and remand this case to the trial court for entry of a judgment of no cause of action in favor of defendant. We do not retain jurisdiction.
 

 [1]
 

 Pursuant to MCR 7.215(T)(1).
 

 [2]
 

 MCL 691.1402.
 

 [5]
 

 Ridley v Detroit,
 
 463 Mich 932 (2000).
 

 [3]
 

 The Legislature subsequently amended the definition of “governmental function” in 1999 PA 205, effective December 21, 1999, and in 2001 PA 131, effective October 15, 2001. However, these amendments do not affect our analysis.
 

 [4]
 

 The definition of “highway” was subsequently amended by 1999 PA 205, effective December 21, 1999. However, this amendment does not alter our analysis.