CARR v CITY OF LANSING

Docket No. 240869. Submitted September 9, 2003, at Lansing. Decided
    November 6, 2003, at 9:15 A.M.

Glen Carr, individually and as next friend of Jalen Stinson, a minor,
    and Cara Carr, personal representative of the estate of Corey Carr,
    deceased, brought an action in the Ingham Circuit Court against
    the city of Lansing and others, seeking damages resulting from an
    automobile accident in the city at the intersection of a state high-
    way and a city street. The plaintiffs alleged, in part, that the acci-
    dent resulted from inadequate signage and because a tree
    obstructed the view of the stop sign present at the intersection.
    The city moved for summary disposition on the bases that it was
    immune from tort liability under the governmental immunity act
    and that it had no jurisdiction over the intersection involved. The
    court, Lawrence M. Glazer, J., denied the motion. The city
    appealed.

The Court of Appeals held:

1. A governmental agency must have jurisdiction over a highway
before it may be found liable under the highway exception to gov-
ernmental immunity, MCL 691.1402(1), for breaching its duty to
maintain a highway in reasonable repair so that it is reasonably
safe and convenient for public travel.

2. The state controls an intersection and has jurisdiction over it
where a state highway intersects a highway of one of its political
subdivisions. Only one agency may have jurisdiction over an inter-
section for purposes of liability under the highway exception to
governmental immunity.

3. The court erred as a matter of fact and as a matter of law in
concluding that the city had jurisdiction over the intersection and
the signage controlling traffic there. One governmental agency has
no duty under the highway exception to post signs on its own road
warning of possible dangerous conditions that are under the exclu-
sive jurisdiction of another governmental entity.

4. The definition of "highway" in the governmental immunity act
excludes trees, traffic control or warning signs, and sight lines.
MCL 691.1401(e). The statutory duty to maintain highways does not
encompass the duty to install adequate traffic signs. The matter

must be remanded for entry of summary disposition in favor of the
city.

Reversed and remanded.

1. GOVERNMENTAL IMMUNITY — HIGHWAYS — INTERSECTIONS.

Only one governmental agency may have jurisdiction over a highway
intersection for purposes of the highway exception to governmen-
tal immunity; the state has jurisdiction over the intersection where
a state highway intersects a highway of one of its political subdivi-
sions (MCL 691.1402[1]).

2. GOVERNMENTAL IMMUNITY — HIGHWAYS — TRAFFIC SIGNS.

One governmental agency has no duty under the highway exception
to governmental immunity to post signs on its own highway warn-
ing of possible dangerous conditions that are under the exclusive
control of another governmental agency (MCL 691.1402[1]).

3. GOVERNMENTAL IMMUNITY — HIGHWAYS.

The definition of a "highway" under the governmental immunity act
excludes trees, traffic control or warning signs, and lines of sight.

4. GOVERNMENTAL IMMUNITY — HIGHWAYS — TRAFFIC SIGNS.

The statutory duty requiring governmental agencies to maintain high-
ways under their jurisdiction in reasonable repair so that they are
reasonably safe and convenient for public travel does not encom-
pass a duty to install adequate traffic signs (MCL 691.1402[1]).

*Fieger, Fieger, Kenney & Johnson, P.C.* (by *Geof-
frey N. Fieger, Alex J. Remick,* and *Victor S. Valenti*),
for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Mary Massaron Ross,
Camille T. Horne,* and *David K. Otis*), for the city of
Lansing.

Before: SMOLENSKI, P.J., and MARKEY and WILDER, JJ.

MARKEY, J. On January 26, 2000, a serious automo-
bile accident occurred at the intersection of Saginaw
Street (M-43) and Fairview Street in the city of Lan-
sing. The accident caused the death of a thirteen-year-
old seventh-grader, and seriously injured a three-year-
old child, both of whom were passengers in the

"at-fault" vehicle, which ran a stop sign for traffic traveling south on Fairview Street. Plaintiffs claim defendant city of Lansing is liable because a tree obstructed the view of the stop sign as motorists traveled south on Fairview. Defendant city of Lansing (hereafter defendant) appeals by leave granted two orders denying its motion for summary disposition: one on April 2, 2002, denying defendant's claim of governmental immunity, and one on April 4, 2002, denying defendant's motion based on the contention that defendant did not have jurisdiction over the street location where the accident occurred. We conclude that the trial court clearly erred by finding the city had jurisdiction over the intersection and erred as a matter of law by denying defendant's motion for summary disposition because governmental immunity barred tort liability. MCR 2.116(C)(7); *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 182 n 37; 615 NW2d 702 (2000). Accordingly, we reverse and remand for entry of summary disposition in favor of defendant.

Plaintiffs accuse defendant of negligence and gross negligence, including a failure to design a safe roadway, failure to maintain a roadway in a safe manner, failure to set safe speed limits, placing stop signs in "low visibility areas which do not allow adequate time to stop," and failure to place stop signs in areas "where drivers can readily see them." Defendant moved for summary disposition contending that it was protected by governmental immunity and that it was not responsible because M-43 was a state trunk line highway and the intersection was under the jurisdiction of the Michigan Department of Transportation (MDOT). The trial court rejected defendant's jurisdic-

tion argument because the stop sign was on Fairview, a street clearly within the city's jurisdiction. The trial court also denied defendant's motion for summary disposition based on governmental immunity relying on *Ridley v Detroit (On Remand)*, 246 Mich App 687; 639 NW2d 258 (2001), since vacated and remanded, 468 Mich 862 (2003), in light of this Court's conflict-panel decision in *Weaver v Detroit*, 252 Mich App 239; 651 NW2d 482 (2002).

This Court reviews de novo both a trial court's decision on a motion for summary disposition and questions of statutory interpretation involving the application of governmental immunity. *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492, 497, 502; 638 NW2d 396 (2002); *Baker v Waste Mgt of Michigan, Inc*, 208 Mich App 602, 605; 528 NW2d 835 (1995).

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). Further, when the language of a statute is clear and unambiguous, no further judicial construction is permitted, and we must enforce the meaning plainly expressed. *Id.* MCL 691.1407(1) provides, in part: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." The Legislature has defined "governmental function" as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(f). Because defendant is a municipal corporation and a political subdivision of the state, it is immune from tort liability while engaged in a govern-

mental function unless an exception applies. MCL 691.1401(a), (b), and (d); *Haliw v Sterling Hts*, 464 Mich 297, 302, 304 n 7; 627 NW2d 581 (2001); *Baker*, *supra* at 605. At issue in this case is the "highway exception." *Haliw*, *supra* at 302 n 4; MCL 691.1402(1). This Court must broadly apply governmental immunity and narrowly draw its exceptions. *Hanson*, *supra* at 498, citing *Nawrocki*, *supra* at 149, and *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 618; 363 NW2d 641 (1984). "Consistent with this basic principle, '[n]o action may be maintained under the highway exception unless it is clearly within the scope and meaning of [MCL 691.1402(1)].' " *Weaver*, *supra* at 245, quoting *Weakley v Dearborn Hts (On Remand)*, 246 Mich App 322, 326; 632 NW2d 177 (2001).

When we apply these principles to the undisputed facts of this case, it is clear that MCL 691.1402a, added by 1999 PA 205, effective December 21, 1999, creates no liability for municipalities that would not otherwise exist. The 1999 legislation also amended subsection 2(1) to add "[e]xcept as otherwise provided in section 2a" immediately preceding the imposition of the duty of "each governmental agency having jurisdiction over a highway" to maintain it "in reasonable repair so that it is reasonably safe and convenient for public travel." Section 2a is MCL 691.1402a. So, reading the plain language of the amendment, § 2a is an exception to subsection 2(1), the highway exception to the general rule of governmental immunity established in subsection 7(1). The obvious purpose of § 2a is to limit the liability municipalities would otherwise face to maintain sidewalks, trailways, crosswalks, or other installations pursuant

to MCL 691.1401(e) and subsection 2(1) by virtue of the exclusion of municipalities from the fourth sentence of subsection 2(1), which limits state and county liability to "the improved portion of the highway designed for vehicular travel . . . ." See *Haliw, supra* at 303, and *Weakley, supra* at 326. Moreover, by its plain terms, § 2a applies only to "a portion of a *county* highway outside of the improved portion of the highway designed for vehicular travel" (emphasis added), but only a state highway and a city street are involved in this case.

A governmental agency must have jurisdiction over a highway for it to be liable under the highway exception for breaching its duty to maintain a highway "in reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1); *Sebring v City of Berkley*, 247 Mich App 666, 684; 637 NW2d 552 (2001). An agency has jurisdiction when it has control over the highway. *Markillie v Livingston Co Bd of Co Rd Comm'rs*, 210 Mich App 16, 21-22; 532 NW2d 878 (1995). Where a state highway intersects a highway of one of its political subdivisions, the state controls the intersection and, therefore, has jurisdiction over it. *Id.* at 20, citing *Lain v Beach*, 177 Mich App 578, 582; 442 NW2d 650 (1989). Because only one agency may have jurisdiction for purposes of liability under the highway exception, *Sebring, supra* at 684, citing *Markillie, supra* at 20, defendant did not have jurisdiction over the intersection where the accident occurred.

Review of the case law and the evidence submitted below confirms that the trial court clearly erred in its factual findings and conclusion of law. In both *Sebring,* involving the intersection of a city crosswalk

and a state highway, and *Markillie*, involving the intersection of a county road with a state highway, an affidavit established the fact that the state had jurisdiction over the intersection. The only evidence plaintiffs submitted in opposition to the fact that the state controlled signage at the intersection was that defendant installed a second stop sign and a "stop ahead" warning sign after the accident. But the evidence plaintiffs submitted established that defendant took such action only after meeting with an MDOT traffic and safety engineer in conjunction with other action both MDOT and defendant proposed to take with respect to the intersection. So, defendant's placing a second sign was consistent with permissive authority under MCL 257.609(b). Thus, the trial court clearly erred as a matter of fact and as a matter of law by concluding defendant had jurisdiction over the intersection and signage controlling traffic there. MCL 257.609; *Markillie, supra* at 20; *Lain, supra* at 582.

The crux of plaintiffs' theory of liability is that defendant was negligent in failing to remove a tree obstructing the view of the stop sign controlling traffic traveling south on Fairview or in not providing a warning to motorists approaching the intersection from the north. But this Court held in *Lain* that one governmental agency has no duty under the highway exception to "post signs on its own road warning of possible dangerous conditions which are under the exclusive jurisdiction of another governmental entity . . . ." *Lain, supra* at 582. Plaintiffs' reliance on *Cox v Dearborn Hts*, 210 Mich App 389; 534 NW2d 135 (1995), is misplaced because that case involved two intersecting streets that were both under the jurisdiction of the defendant city of Dearborn Heights. More-

over, the holding of *Cox, supra* at 394-395, that the highway exception includes a "duty to maintain . . . highways in reasonable repair so that they are reasonably safe and convenient for public travel [and that this duty] encompasses the duty to install adequate traffic signs," has been explicitly overruled with respect to the state and county road commissions by *Evens v Shiawassee Co Rd Comm'rs*, consolidated and decided with *Nawrocki, supra* at 180-184. Further, our Supreme Court in *Evens, supra*, recognizing the lesser immunity afforded to municipalities, extended its holding to municipalities in a footnote.

> The dissent accuses us of "shifting" the liability for traffic control devices, including traffic signs, from the state and county road commissions, to local municipalities. While the purpose of our holding today is merely to return to a principled application of the plain language of the highway exception, we are constrained to respond to the dissent's misapprehension of the governmental immunity statute.
>
> Clearly, traffic signals and signs are not implicated in the broad definition of "highway" in MCL 691.1401(e); MSA 3.996(101)(e): " 'Highway' means a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway. The term highway does not include alleys, trees, and utility poles." . . . [B]ecause traffic control devices are clearly not implicated in the broad definition of "highway," there can be no "shifting" of liability from the state and county road commissions to local municipalities. [*Nawrocki, supra* at 182 n 37.]

Although, the trial court in the instant case dismissed footnote 37 in *Evens-Nawrocki* as dictum, this Court has noted that dictum is a " 'judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the

case and therefore not precedential (though it may be considered persuasive).' " *People v Higuera*, 244 Mich App 429, 437; 625 NW2d 444 (2001), quoting Black's Law Dictionary (7th ed). Nevertheless, the *Higuera* Court recognized that, " ' "[w]hen a court of last resort intentionally takes up, discusses and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a dictum but is a judicial act of the court which it will thereafter recognize as a binding decision." ' " *Higuera, supra* at 437, quoting *Detroit v Michigan Pub Utilities Comm*, 288 Mich 267, 299-300; 286 NW 368 (1939), in turn quoting *Chase v American Cartage Co, Inc*, 176 Wis 235, 238; 186 NW 598 (1922). So, a "decision of the Supreme Court is authoritative with regard to any point decided if the Court's opinion demonstrates 'application of the judicial mind to the precise question adjudged, regardless of whether it was necessary to decide the question to decide the case.' " *Higuera, supra* at 437, quoting *People v Bonoite*, 112 Mich App 167, 171; 315 NW2d 884 (1982). Clearly, whether the Court's decision in *Evens* would "shift liability" for signage to municipalities was germane to the Court's holding regarding immunity of the state and county road commissions and displayed the "application of the judicial mind" to the question. Consequently, the *Evens* Court's comments in footnote 37 are more than mere dicta; they must be read as implicitly overruling *Cox*. The "governmental immunity statute as a whole" does not permit tort liability for inadequate signage or obstructed sight lines. *Nawrocki, supra* at 182. See also *Hanson, supra* at 502-503.

Indeed, in cases decided after *Nawrocki*, this Court has extended the holding of *Evens* to municipalities. In *Weakley v Dearborn Hts*, 240 Mich App 382, 387; 612 NW2d 428 (2000), decided before *Nawrocki*, this Court held that under the highway exception a municipality had a "duty to provide barriers or warning signs" with regard to points of special hazard. Our Supreme Court, 463 Mich 980 (2001), remanded *Weakley* for reconsideration in light of *Nawrocki*. On reconsideration, *Weakley v Dearborn Hts (On Remand)*, 246 Mich App 328 (2001), this Court cited *Cox, supra*, but held that the city "did not have a duty to make the sidewalk reasonably safe by placing a barrier or warning device around the portion of the sidewalk that was under repair."

But this Court in *Ridley (On Remand), supra,* 246 Mich App 691, held that *Evens-Nawrocki* did not apply to municipalities; consequently, a city could be liable under the highway exception for inadequate illumination because a "streetlight is not a utility pole and is not excluded by definition from the highway exception to governmental immunity." A special panel of this Court was convened in *Weaver, supra,* 252 Mich App 239, to resolve the conflict between *Weaver v Detroit,* 249 Mich App 801 (2002), vacated 249 Mich App 801 (2002) (which followed *Ridley [On Remand], supra,* only because the panel was bound by that prior holding), and *Ridley (On Remand), supra.* The special panel disagreed with the *Ridley* panel's analysis. *Weaver, supra,* 252 Mich App 245. The special panel found the distinction the *Ridley (On Remand)* panel relied on between the state and county road commissions on the one hand, and municipalities on the other hand, to be "insignificant

. . . [in light of] the central theme of the Supreme Court's decision in *Nawrocki* . . . that 'the immunity conferred upon governmental agencies is *broad*, and the statutory exceptions thereto are to be *narrowly* construed[,]' *Nawrocki, supra* at 158 [and that] '[n]o action may be maintained under the highway exception unless it is clearly within the scope and meaning of [MCL 691.1402(1)].' " *Weaver, supra,* 252 Mich App 245, quoting *Weakley, supra* at 326 (emphasis in original). This Court held the city was immune from claims that it negligently maintained a streetlight pole because "a streetlight pole is not part of the 'highway' " as defined in MCL 691.1401(e). *Weaver, supra,* 252 Mich App 245. Although the *Weaver* special panel did not specifically reach the question whether the *Ridley (On Remand)* panel correctly held that a municipality could be liable for inadequate street lighting, *Weaver, supra,* 252 Mich App 246, our Supreme Court thereafter vacated *Ridley (On Remand)* and remanded it again for reconsideration in light of *Weaver, supra,* 252 Mich App 239. *Ridley v Detroit (Ridley v Collins),* 468 Mich 862 (2003).

On reconsideration in light of *Weaver,* the *Ridley (On Second Remand)* panel concluded that "because illumination is not part of the actual highway, the highway exception to governmental immunity does not apply and defendant city was entitled to judgment as a matter of law." *Ridley v Detroit (On Second Remand),* 258 Mich App 511, 513; 673 NW2d 448 (2003). In reviewing the *Nawrocki* decision, the panel opined:

> Although the Court primarily based its reasoning on the fact that a county road commission's duty extends only to the roadbed itself, it is of particular interest to this case

that the Court also noted that traffic signals and signs fall outside the statutory definition of "highway" as well. [*Nawrocki, supra*] at 182-183 n 37. In fact, the Court specifically commented that, because signals and signs fall outside the definition of "highway," there was no shifting of liability from the state and counties to local municipalities where the liability is premised upon inadequate signage or signals. *Id.* [*Ridley (On Second Remand), supra,* 258 Mich App 514.]

After reviewing *Weaver, supra,* the *Ridley (On Second Remand)* panel reluctantly concluded that illumination "is not included within the statutory definition of 'highway' [and] does not represent a defect in the highway itself because it is not part of the highway." *Id.* at 515. The panel reasoned that if inadequate signage is not within the highway exception, neither is inadequate illumination.

The issue of lack of illumination is comparable to a claim of inadequate signage. In fact, plaintiff's original brief makes that very comparison. Illumination, like signage, does not implicate the physical condition of the street itself. Like signage, illumination alerts a driver to a potential danger (e.g., a person lying in the street). But the inevitable conclusion is that, if the lack of adequate signage warning a driver of a danger does not come within the highway exception, neither does the lack of illumination. [*Id.* at 515-516.]

In dictum, the *Ridley (On Second Remand)* panel called on the Legislature to review the issue of governmental immunity in regard to "traffic signals, signs, and lighting." *Id.* at 516. The panel suggested several scenarios where governmental immunity would apply under the current statute.

We are required to conclude that the Legislature intended governmental agencies to be immune from liability where,

for example: (a) a stop light malfunctions at an intersection, showing green lights to all traffic, and the local municipality fails for several hours, days, or years after notice to take corrective or safety measures before which time a motorist is injured in a collision caused by the malfunction, (b) a municipality negligently places a single one-way sign pointing in a direction opposite of the actual traffic flow, thereby causing a head-on collision for a motorist entering the one-way street, (c) a municipality fails to provide lighting at an intersection heavily used by motorists and pedestrians resulting in a car-pedestrian accident, or (d) a new road is constructed intersecting an established road without a stop sign or light being added before the road is opened, resulting in a collision. [*Id.* at 518.]

In summary, as applied to the undisputed facts of the instant case, the definition of "highway" patently excludes "trees." MCL 691.1401(e). Further, traffic control or warning signs, or sightlines, are not part of the "highway" as MCL 691.1401(e) defines that term. And in light of the emerging case law, it is clear that *Cox, supra,* has been overruled to the extent that it holds that the highway exception includes a "duty to maintain . . . highways . . . [that] encompasses the duty to install adequate traffic signs." *Cox, supra* at 394-395. When we apply to the undisputed facts of this case the principle that no action may be maintained against a governmental agency unless it is clearly within the scope and meaning of MCL 691.1402(1), *Weaver, supra* at 245, we must conclude the trial court erred as a matter of law by not finding that defendant enjoyed governmental immunity from the tort claims plaintiffs advanced, *Nawrocki, supra* at 182 n 37; *Ridley (On Second Remand), supra* at 516-518.

We reverse and remand for entry of summary disposition for defendant. We do not retain jurisdiction.