*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBECCA MITCHELL,

        Plaintiff-Appellant,

v

CITY OF DETROIT,

        Defendant-Appellee.

UNPUBLISHED
October 28, 2021

No. 355100
Wayne Circuit Court
LC No. 19-003444-NO

Before: STEPHENS, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the grant of summary disposition in favor of defendant, under MCR 2.116(C)(10). We reverse and remand.

## I. BACKGROUND

Plaintiff was leaving a business meeting with her colleague, Nishit Dani, when she "tripped and fell" to the ground. Plaintiff maintained her fall was caused by a "metal piece that was sticking out of the sidewalk."[1] Plaintiff allegedly suffered injury to her elbow. She filed a complaint, claiming defendant breached its duty to maintain the sidewalk in a reasonably safe and fit manner.

Defendant moved the trial court for summary disposition, under MCR 2.116(C)(10)[2], arguing that because it was a governmental agency, it was entitled to immunity under the Michigan governmental tort liability act (GTLA), MCL 691.1401, *et seq*. The trial court found that the "highway exception" to the GTLA, MCL 691.1401, applied because the matter involved a public

---

[1] Defendant's employee, Martin Gomez, clarified at deposition that the metal piece was a "Unistrut", which is the base on which a sign rests.

[2] Defendant also moved the court for summary disposition under MCR 2.116(C)(7) (governmental immunity). While the court did not cite the subsection of MCR 2.116(C) that it applied, the court's use of the language "no genuine issue of material fact" meant that it found summary disposition was appropriate under (C)(10).

sidewalk and the metal stub was "embedded within the sidewalk". However, the court ultimately granted summary disposition to defendant because plaintiff failed to show that defendant knew or should have known the defect was present for more than 30 days, as required by MCL 691.1402a(2). This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. at 120. "When reviewing a motion under MCR 2.116(C)(10), this Court 'must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in favor of the party opposing the motion.' " *Williamstown Twp v Sandalwood Ranch*, LLC, 325 Mich App 541, 547 n 4; 927 NW2d 262 (2018), quoting *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003); *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183. The moving party can satisfy its burden of showing there is no genuine issue of material fact in one of two ways: (1) by submitting evidence that negates an essential element of the nonmoving party's claim or (2) by demonstrating the nonmoving party's evidence cannot establish an essential element of the nonmoving party's claim or defense. *Id*. at 362-363. Once the moving party meets that burden, the burden shifts to the nonmoving party to submit evidence establishing that there is a genuine issue of material fact. *Id*. at 362, citing *Neubacher v Globe Furniture Rentals*, 205 Mich App 418, 420; 522 NW2d 335 (1994).

We also review de novo the applicability of governmental immunity and the statutory exceptions to governmental immunity. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

## III. ANALYSIS

Under the GTLA, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). Cities, such as defendant, qualify as governmental agencies, *Weaver v City of Detroit*, 252 Mich App 239, 243; 651 NW2d 482 (2002), and the maintenance and repair of sidewalks is a governmental function, *Haliw v City of Sterling Hts*, 464 Mich 297, 303-304; 627 NW2d 581 (2001); MCL 691.1402(1). "A plaintiff may only sue a governmental entity in tort if the suit falls within one of the enumerated statutory exceptions to governmental immunity." *Milot v Dept of Transp*, 318 Mich App 272, 276; 897 NW2d 248 (2016). "This Court broadly construes the scope of governmental immunity and narrowly construes its exceptions." *Id*.

In pertinent part, the sidewalk exception to governmental immunity provides that,

> [a] municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk. [MCL 691.1402a(2)].

"[A] municipal corporation that has a duty to maintain a sidewalk . . . is presumed to have maintained the sidewalk in reasonable repair." MCL 691.1402a(3). "A defendant is 'conclusively presumed' to have knowledge of the defect 'when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.' " *Bernardoni v City of Saginaw*, 499 Mich 470, 474; 886 NW2d 109 (2016), citing MCL 691.1403. A sidewalk's current condition cannot be used to prove its condition 30 days before the incident, "as required by MCL 691.1402a(2)." *Bernardoni*, 499 Mich at 475. "Generally, the question of whether a street defect . . . has existed a sufficient length of time and under such circumstances that the municipality is deemed to have notice is a question of fact, and not a question of law." *Id*. at 474, citing *Cruz v Saginaw*, 370 Mich 476, 481; 122 NW2d 670 (1963) (citations omitted).

Plaintiff argues, as she did in the trial court, that defendant had actual and constructive notice of the metal stub at least 30 days before the incident. While we disagree that defendant had actual notice, we conclude that a genuine issue of material facts exists as to whether defendant had constructive notice.

Plaintiff presents no evidence of defendant's actual notice of the metal stub. "Notice is actual when it is directly and personally communicated to or received by the person to be notified." 66 CJS, Notice § 3. Plaintiff argues that defendant had actual notice of the metal stub because defendant sawed off the sign and left the stub. However, she failed to present evidence that defendant's employees sawed off the sign. Defendant's employee, Martin Gomez, had no records of pre-incident work orders or pre-incident reports regarding the metal stub. Further, plaintiff's claim that the stub was pounded down rather than sawed off was contradicted by the testimony of defendant's employee, Corell Sanders, describing the repair he effectuated. Thus, plaintiff's contention for actual notice was based on mere speculation.

Reasonable minds could disagree as to whether defendant had constructive notice of the metal stub. "Constructive notice is demonstrated by showing that the agency should have discovered the defect in the exercise of reasonable diligence." *Ali v Detroit*, 218 Mich App 581, 586-587; 554 NW2d 384 (1996). Plaintiff admitted at her deposition that she did not have any knowledge "about how long this piece may have been [t]here before [her] fall." However, plaintiff testified that she noticed what appeared to be rust on the metal stub after she fell. She also identified the rust in photographs taken of the scene five days after the incident. In this case, plaintiff's use of the-then current sidewalk's condition was probative of its past condition where the rust was indicative of the metal stub having been exposed to the elements for some time. A reasonable juror could make this finding even without expert testimony. Defendant's contentions as to the ambivalence of plaintiff's testimony concerning the rust condition may lead to plaintiff's impeachment, but does not affect the evidence's admissibility.[3] Outside of its contentions that the

---

[3] Similar reasoning applies to plaintiff's contention that the metal stub was three inches tall when it appeared to be shorter in the photographs. Under MCL 691.1402a(3)(a), the presumption that a municipal corporation maintained the sidewalk in reasonable repair "may be rebutted by evidence

photographs were of poor quality, defendant offered no evidence in contrast to plaintiff's testimony of the metal stub's condition. Because there was no objective evidence that the photographs did not depict the metal stub's rusty condition, the trial court erred in granting summary disposition.[4]

We reverse the trial court's order granting summary disposition to defendant and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ David H. Sawyer
/s/ Deborah A. Servitto

---

of facts showing that a proximate cause of the injury was "[a] vertical discontinuity defect of 2 inches or more in the sidewalk." Evidence of the vertical rise of the metal stub may also be impeached.

[4] We note that defendant's brief suggests that the trial court erred in finding that the sidewalk exception to the GTLA applied. However, an appeal is limited to the issues raised by the appellant, unless the appellee files a cross-appeal. MCR 7.207; *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 696; 607 NW2d 134 (1999). Because defendant did not file a cross-appeal, we do not address whether the court erred in applying the sidewalk exception.