*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH MANN,

        Plaintiff-Appellee,

v

CITY OF DETROIT,

        Defendant-Appellant.

UNPUBLISHED
November 2, 2023

No. 361637
Wayne Circuit Court
LC No. 2021-003705-NO

Before: SHAPIRO, P.J., and M. J. KELLY and CAMERON, JJ.

SHAPIRO, P.J. (*dissenting*).

I respectfully dissent. The question is whether an object *embedded in* the concrete sidewalk and creating a five-inch vertical discontinuity in the middle of the sidewalk is "in the sidewalk" for purposes of the highway exception to governmental immunity. The injury-causing object is the remnant of a street sign installed before the sidewalk existed, when the area was grass-covered. When the sidewalk was being constructed, the old street sign was supposed to be removed. However, for reasons unknown, rather than removing the entire sign, the sign was cut five inches above the ground and the stub was left in place when the sidewalk was poured. It appears that the stub itself, which is four inches in diameter, was also filled with concrete when the sidewalk was poured, as shown below:[1]



---

[1] The pop can in front of the pipe is for scale and is not otherwise relevant to this case.

The majority agrees that the sidewalk in question is a "sidewalk" for purposes of applying the highway exception to governmental immunity. MCL 691.1401(c), (f). MCL 691.1402a(1) provides that "[a] municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair." (Emphasis added).

MCL 691.1402a(3) grants municipal corporations a rebuttable presumption of reasonable repair, which may be rebutted by (a) "a vertical discontinuity defect of 2 inches or more in the sidewalk," or (b) a "dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity."

It is undisputed that the discontinuity that caused plaintiff's injury was greater than two inches. However, the majority concludes that the discontinuity is not "in the sidewalk." I disagree. The five-inch pipe is unquestionably "in the sidewalk"—it is bound to the sidewalk by concrete, partially submerged beneath the concrete surface, immobile, and unremovable unless the sidewalk slab is replaced.[2]

The majority bases its decision on a misreading of *LaMeau v Royal Oak*, 490 Mich 949 (2011). The facts in *LaMeau* were far afield from those presented in the instant case. In that case, the plaintiff was not injured because he struck or tripped over anything "in," or even "on," the sidewalk. Rather, he was injured while riding a motor scooter when his head and neck struck a guy wire several feet *above* the sidewalk. The wire ran from a point several yards up a nearby utility pole and stretched diagonally to the ground where the wire was anchored to the far edge of the sidewalk. Plaintiff made no contact with the anchor nor was there a claim that the surface intended for walking caused his injury; the injury was caused by the guy wire exclusively. See *LaMeau v Royal Oak*, 289 Mich App 153, 158-162; 796 NW2d 106 (2010), overruled by 490 Mich 949 (2011). In adopting the Court of Appeals dissent, the Supreme Court rejected the claim that, because one end of the guy wire was anchored to the edge of the sidewalk, this somehow transformed the entire guy wire into something "in" the sidewalk. See *id*. at 170. Common sense reveals that a wire several feet above a sidewalk is not "in" the sidewalk.[3]

The majority relies on the fact that, in *LaMeau*, the Court rejected the argument that the wire was "connected" to the sidewalk. However, the object in the instant case was not merely "connected" to the sidewalk; it was *embedded in* the concrete. In *LaMeau*, the only portion of the guy wire in *LaMeau* that was actually in contact with the sidewalk was the anchor, which played no role in the plaintiff's injury. Moreover, in *LaMeau*, there was no vertical discontinuity, let alone one greater than two inches in the sidewalk.

---

[2] According to Dictionary.com, the word "in," when used as a preposition, means "inclusion with a space, a place or limits." Dictionary.com, *In* <https://www.dictionary.com/browse/in> (accessed October 23, 2023).

[3] *LaMeau* made no comment as to whether the anchor would have been considered "in" the highway if the plaintiff had tripped over the anchor rather than striking the elevated guide wire.

The majority also relies on *Weaver v Detroit*, 252 Mich App 239, 246; 651 NW2d 482 (2002), which held that a streetlight pole was also not part of the "highway." *Weaver*, as well as *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000), on which it was based, rested on the fact that traffic signs and streetlight poles are not within the *roadbed designed for travel*. But here, the remnant of the street sign was actually in the middle of the sidewalk. Despite the fact that utility poles or streetlight poles are not deemed part of the highway in and of themselves, if the five-inch-high remnant of one was embedded in the middle of the roadbed, it would plainly render the roadway itself defective.[4]

For these reasons, I would affirm the denial of summary disposition.

/s/ Douglas B. Shapiro

---

[4] I also do not find persuasive the majority's reliance on *Ali v Detroit*, 218 Mich App 581, 588; 554 NW2d 384 (1996), which held only that a freestanding structure does not constitute a defect in the sidewalk. The pipe in this case was neither a structure nor freestanding.